PICO v. DE LA GUERRA, EXECUTOR, et al. (No. 3140).

UNDER the one hundred and thirtieth section of the Act of 1851, relative to the
Estates of Deceased Persons, claims against an estate which are due must be
presented to the executor or administrator as therein prescribed, and within
the time allowed, or they will not constitute a charge against the estate.

Contingent claims and claims not due do not come within the first clause of section
one hundred and thirty above named; they may be presented to the executor,
etc., within ten months after becoming due or absolute. But, after becoming
due or absolute, they must be *presented* according to the statute.

Under the two hundred and forty-fourth section of the statute, a contingent claim
*may be* presented to the Probate Judge, without the affidavit required by sec-
tion thirty-six; and the effect *might be* to cause the money to which the party
may be prospectively entitled to be paid into Court. But this does not relieve
.the party from the necessity of presenting such claim to the executor after it
becomes absolute, with the proper affidavit, before he can be compelled to
act on it.

The statute does not provide for the approval of a contingent claim; and where
such a claim is presented to the executor and the Probate Judge, and is by
them allowed, such allowance does not give validity to the claim as a judg-
ment against the estate.

No presentation of a claim to an executor is effectual, without an affidavit of its
justice.

The allowance of a claim, due and not contingent, by the executor, and its ap-
proval by the Probate Judge, according to the statute fixes the obligation upon
the estate as a judgment.

A claim, verified, and filed with the County Clerk, but not presented to the
executor, is no charge upon the estate.

The point, whether it be necessary to present a claim to the executor when he has
other notice of it, raised by counsel, but not passed on.

APPEAL from the Third District.

The instrument signed by Hartnell, ratifying what Smith had
done and guaranteeing the payment of the $5,000 to Pico, is as
follows:

" I, the undersigned, Miguel Smith, say, that having purchased
from Don Abel Stearns the amount of two hundred cows, at the
price of twenty-five dollars each, the value of which amount to
$5,000, with the condition of my having the privilege of making
payment in the term of two years reserved (?) from this date, with
interest at two per cent. per month until said payment is made, and
said Stearns having exacted of me a warrantee, to his satisfaction,

Pico *v.* De La Guerra.

to deliver to me the said cattle. Señor Don Pio Pico executed the same, signing with me a document *in* (illegible word) *et in solidum*, (a joint and several document) of date the eleventh of the present month. Said Señor Pico contracted the responsibility in virtue of there having been shown to him a letter from Sr. Don Guillermo Hartnell, dated in Santa Barbara the second day of April of the present year, by which he binds himself to guarantee the payment of the said $5,000, and also of the interest which may accrue therefor. I declare by these presents that I have received the above mentioned two hundred cows to my satisfaction, and I bind myself that said Señor Hartnell shall remit to Señor Don Pio Pico the guarantee, competent to the purpose of covering the responsibility which weighs upon him by the document which he has executed to said Stearns, the said letter of Señor Hartnell remaining in the meantime in possession of Señor Pico by way of security to him.

"ANGELES, May 18th, 1853. MIGUEL SMITH."

"In fulfillment of the foregoing promise made by Don Miguel Smith, and ratifying the contents of my letter to Don Abel Stearns, which is referred to, I constitute myself responsible to Señor Don Pio Pico for the $5,000, value of the two hundred cattle which said Smith bought from Señor Stearns, and also for the interest which may have accrued at the termination of the two years in which Señor Pico and Smith bound themselves to make payment, which will expire the eleventh of May, 1855, and to the fulfillment I bind my property present and future.

"GUILLERMO EDO. P. HARTNELL.

"Witness, ANTONIO JOSE COT."

[Here follows the affidavit of Cot to the genuineness of Hartnell's signature, which is omitted.]

Then follow these indorsements:

"Presented and admitted this present document this 14th July, 1854. San Francisco, State as above.

"PABLO DE LA GUERRA,

"Executor of the late G. E. Hartnell.

"Witness, J. M. COVARRUBIAS."

" Seen and approved June 19th, 1855.

" WM. H. RUMSEY,

" Probate Judge."

" Filed August 22d, 1854.

" JAMES H. GLEASON,

" Probate Clerk."

Further facts appear in the opinion of the Court. Defendants appeal.

*H. O. Beatty*, for Appellants.

The claim of plaintiff was not presented to the executor of Hartnell's estate in proper time and form, and is therefore barred. There was no affidavit attached to the claim, and its allowance, without the affidavit, is void. Such affidavit is necessary to give the executor jurisdiction to act. (Act of 1851 relative to Estates of Deceased Persons, secs. 128–134 ; 14 Wend. 190 ; 4 Cowen, 493.) Section two hundred and forty-four of the act does not dispense with the affidavit in cases of claims not due or contingent. That section contemplates the presentation and allowance of claims not due, by agreement of the creditor, the executor and the Probate Court ; but it does not contemplate or provide for the allowance of contingent or uncertain claims, and certainly does not dispense with affidavit as to such claims. Persons holding such claims, although they have never been presented to the executor, may come into Court and present their claims, and the Court might reserve a fund to meet the contingent liability.

*A. C. Monson*, also for Appellants.

*John H. Saunders* and *Wm. Matthews*, for Respondent.

No affidavit is required in cases of claims against estates not due or contingent, and a presentation of such claims to the executor before they become due or absolute is valid. (Act of 1851, concerning Estates of Deceased Persons, secs. 130, 244 ; *Wren's Adm'r* v. *Spans' Adm'r*, 1 How. [Miss.] 120 ; 3 Id. 216 ; Id. 301 ; 4 Id. 242 ; 2 Smedes & M. 403 ; 5 Id. 651 ; 10 Tex. 197 ; 8 Ind. 236 ; *Stark* v. *Moore*, 5 Ala.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Action brought against defendants as executors of one Hartnell, to recover a sum of money.  The facts are these : In 1853, Hartnell wrote a letter to Abel Stearns, asking him to sell certain cattle to one Smith, and guaranteeing payment of the price.  Smith presented the letter to Stearns ; but Stearns did not conclude to trade upon the faith, or at least solely upon the faith of this letter, but sold the cattle to Smith, and took from him in consideration a joint note of Smith and Pico, the plaintiff here, for the price, (which was $5,000) bearing interest at the same rate mentioned in Hartnell's letter—two per cent. per month—and payable two years from date.  It seems that Smith exhibited to Pico this letter of Hartnell, and it appears also that Smith entered into a written undertaking with Pico that Hartnell should indemnify Pico for his suretyship on this note of Smith to Stearns.  This agreement bears date some five days after the signature of the note by Pico.  Some few months afterwards, Hartnell, by a written instrument, ratified and confirmed what Smith had done—that is, the guaranty of indemnity against the suretyship on the Smith note by Pico.  In February, 1854, Hartnell died testate, leaving his widow and Don Pablo de la Guerra executrix and executor of his estate.  In July afterwards, notice was given in the usual form by these representatives for presentation of claims against the estate.  About the same time, Pico's agent presented the executrix the written guaranty of Hartnell to Pico.  She handed it back, and referred the agent to her brother and coëxecutor, De la Guerra, who endorsed on the back thereof, "Presented and admitted."  The note was not then due by about ten months.  On the twenty-second of August, 1854, this guaranty, with the endorsement, was filed in the Probate Clerk's office.  On the twelfth of May, 1855, on the day—grace excluded —the note fell due, Pico paid the note to Stearns.  On the fourteenth of May, Pico made the proper affidavit that he had paid the note, etc.  On the sixteenth day of May, 1855, this affidavit, not having been presented to the executor or executrix, was filed in the Clerk's office of the Probate Court.  The original undertaking of

28

Hartnell, endorsed as before described by De la Guerra in July, 1854, was presented to the County Judge in June, 1855, and by him endorsed, "Seen and approved," June 19th, 1855. This claim has never been paid by the estate. In 1856, the defendants, De la Guerra and Mrs. Hartnell, applied for and obtained an order for their final discharge, on the ground that they had paid all the debts of the estate, and distributed all the property among the devisees. After this discharge, the devisees sold a tract of land in Sacramento county to defendant Beatty. This bill is filed asserting the fraud of these representatives in applying for and obtaining this order of discharge, and in substance the facts before recited. The Court entered a decree against these representatives, personally, and also subjecting the land left by Hartnell at the time of his death, including that sold to Beatty.

This appeal questions, on several grounds, the correctness of this decree. It is not necessary to consider all these grounds, as a decision upon one of them probably disposes of the case upon the merits. It is not important to consider whether, upon the facts shown by the plaintiff's bill and the decree, Hartnell ever became liable to repay to Pico the money paid by him to Stearns. It is, to say the least, extremely doubtful if this liability existed, the guaranty or promise of Hartnell running to Pico having been made after the act of suretyship of Pico had been consummated. We do not understand the plaintiff's bill as averring that Smith was the agent of Hartnell; but that he was the principal in this contemplated contract with Stearns; and that Smith, of his own motion, procured Pico to become bound as surety to Stearns, and, as an inducement, promised, without any previous authority from Hartnell, that Hartnell would indemnify Pico against his suretyship; and that, not as a ratification of an assumed agency by Smith for Hartnell, but merely to oblige him (Smith) in this matter, that Hartnell promised to indemnify. Hartnell did this, as before observed, after the transaction with Stearns had been completed. Hartnell, it would seem, would rest under an honorary obligation to make good his pledge; but he did not live to discharge it; yet in strict law the promise would appear to be within the rule which holds a mere stipulation to pay for another a debt already contracted by the lat-

ter, and with which the promissor was unconnected—the stipulation being on no new consideration—as simply void. (1 Parsons Cont. 385, *et seq.*) But however this may be, the appellants insist that there has been no such presentation and allowance of this claim as charges the estate or its representatives with its payment.

It has been seen that the first presentation was merely of the guaranty of Hartnell to Pico. No affidavit accompanied this guaranty, nor was there any claim distinctly made, as shown by it, or to be deduced by necessary inference from it, in favor of Pico, or of any one else. No debt was at that time due. It was not and could not be known whether Pico would ever be liable or not; and, as we have intimated, the guaranty itself shows no liability on the part of Hartnell, even if Pico were forced to pay the money at some future period. It is true that the executor, De la Guerra, endorsed on it the words, " Presented and admitted;" but this was no judgment, and, in the nature of things, no acknowledgment of indebtedness on the part of the estate. The executor had no authority to acknowledge this guaranty as a debt, or as evidence of a debt, for it was neither. It was at most only a possible or contingent claim against the estate, and the acknowledgment of the presentation and admission amounted only to a recognition of this fact.

The statute respecting estates of deceased persons, (Wocd's Dig. 404) in the one hundred and thirtieth section, provides that " if a claim be not presented within ten months after the first publication of the notice, it shall be barred forever; provided, if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute."

Sec. 131 provides: " Every claim presented to the administrator shall be supported by the affidavit of the claimant that the amount is justly due, that no payments have been made thereon, and that there are no effects (offsets) to the same to the knowledge of the claimant. The oath may be taken before any officer authorized to administer oaths. The executor or administrator may also require satisfactory vouchers to be produced in support of the claim."

Sec. 132 provides: " When a claim, accompanied by the affidavit required in the preceding section, has been presented to the.

executor or administrator, he shall endorse thereon his allowance or rejection, with the day and date thereof.   If he allow this claim, it shall be presented to the Probate Judge for his approval, who shall in the same manner endorse upon it his allowance or rejection."

Sec. 133 provides: " Every claim which has been allowed by the executor or administrator shall be filed in the Probate Court, and be ranked among the acknowledged debts of the estate, to be paid in due course of administration."

Sec. 134 provides: " When a claim is rejected either by the executor or administrator, or the Probate Judge, the holder shall bring suit in the proper Court against the executor or administrator, within three months after the date of its rejection, if it be then due, or within three months after it becomes due, otherwise the claim shall be forever barred."

Sec. 135. " No claim shall be allowed by the executor or administrator, or by the Probate Judge, which is barred by the Statute of Limitations."

Sec. 136. " No holder of any claim against an estate shall maintain any action thereon, unless the claim shall have first been presented to the executor or administrator."

We see in the one hundred and thirtieth section no authority for the presentation of a contingent claim.   The plain effect of the section is, to ignore all claims *which are due*, unless such claims be presented as therein described ; and the last clause of the section is simply a proviso, exempting claims not due and contingent claims from the operation of the first clause, and making a new provision for them, namely : that they may be presented within ten months after becoming absolute liabilities or reaching maturity.   But this does not do away with the necessity of presenting them to the executor after this character attaches to them.   If the claim shows on its face that it is a mere contingent claim—that is, if it shows that it is no present liability against the estate, it is not perceived how the mere act of the executor in approving it, whether that act be in conjunction with the *ex parte* act of the Probate Judge or not, could give it validity as a judgment.

This view leaves the claim to stand upon the mere filing of it,

verified after payment by Pico, with the County Clerk.    But this is not enough.    It must be sworn to, *and be presented to the executor*.    If we were to agree with the counsel, that no presentation is necessary when the executor has other notice of the claim—as some cases in Mississippi seem to assert, though under laws essentially different—still this concurrence would not help his case ; for it could scarcely be contended that the mere fact that the executor knew a party had a possible or contingent claim against an estate months before was notice now, in the face of a failure to present it as a present and absolute obligation, that the claim had ripened into a present debt.    It is not necessary to notice other points.

Judgment reversed and cause remanded.

A rehearing having been granted, and the case reargued, BALD-WIN, J. delivered the opinion of the Court—COPE, J. concurring.

We granted a rehearing in this case at the instance of the respondent, upon the suggestion that we had fallen into a misapprehension of facts, and had omitted to consider some provisions of the statute in reference to the estates of deceased persons bearing upon the main point of the opinion.

We did not place our decision upon the ground that the agreement of Hartnell to guaranty Pico was void.    As it is not necessary to pass upon this point, we omit all reference to it.

We adhere to our conclusion that the claim against the estate is invalid, because not properly presented within the time allowed by law.    The first presentation was prior to the time when the debt was payable, and before the liability of the guarantor was fixed. We are referred to the two hundred and forty-fourth section of the act in relation to the estates of deceased persons.    That section is in these words :

" If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, or established, or absolute, shall be paid into the Court, where it shall remain to be paid over to the party when he shall become entitled thereto ; or if he shall fail to establish his claim, to be paid over or distributed as the circumstances of the case require ; provided, that

if any creditor whose claim has been allowed, but is not yet due, shall appear and assent to a deduction therefrom of the legal interest for the time the claim has yet to run, he shall be entitled to be paid accordingly."

It has been argued that this section, taken in connection with the one hundred and thirtieth section, dispenses with the presentation of the claim accompanied by an affidavit as prescribed by the one hundred and thirty-first section, if presentation is made of the contingent claim before the same matures, or is made absolute and within the statutory period. It is true that the one hundred and thirtieth section relieves the holder of the contingent claim from any presentation of it until it shall become absolute, but the holder may wait until it becomes absolute, and then have ten months from that time within which to present it. But still such claim *may be* presented to the Probate Judge, by the two hundred and forty-fourth section, and although the party need not—indeed, could not—make the affidavit required by the one hundred and thirty-first section, still the effect of it *might be* to cause the money to which the party may be prospectively entitled to be paid into Court, etc. But this does not relieve the party from the necessity of presenting the claim to the administrator, after it becomes absolute, with the affidavit required, before the administrator is compelled to act on it. This seems to be the necessary result of the one hundred and thirty-fourth section. By this and the one hundred and thirty-second section, the allowance or rejection of the claim fixes the rights and liabilities of the estate. It is difficult to see what effect the rejection by the administrator of a mere contingent claim would have. No money is claimed—nothing is due—no right of payment or demand for recognition of the claim as a debt is asserted. A rejection would give no right of suit. When the contingency has happened which gives the creditor the right, then he may assert it; but the right under the statute is to claim that the administrator acknowledges the debt, which allowance, with the approval of the Judge, fixes the obligation upon the estate in the same manner as a judgment; or if the administrator refuses to acknowledge the debt, then the creditor has his remedy by suit, which he must bring within three months after the rejection. The claim is not consti-

Pico *v.* De La Guerra.

tuted by the facts which raise a contingent liability, but by the facts which show that it has accrued ; in other words, in this case, by the incurring of the obligation to pay a debt for the principal debtor of Stearns, at the instance of Hartnell and on his guaranty, and the actual payment of that debt.   The claim thus originating and perfected must be presented to the executors of Hartnell ; and an opportunity given them to allow or reject it; for the whole policy of the statute is, that no suit shall be brought against the executors until they have had an opportunity to examine the claim and pass upon it—and no presentation is effectual without an affidavit of the justice of the claim.   The mere fact that they once had notice of a contingent or potential demand—that at some future time the plaintiff might have a claim against the estate of their testator—is not enough to answer the requirement.   They had no opportunity to pay the claim or recognize it, nor, so far as appears, notice of its existence.   The object of the two hundred and forty-fourth section is illustrated by the preceding sections, which provide for the settlement of the estate.   Section two hundred and forty-three provides that upon the settlement of the accounts of the executor and administrator at the end of the year, as required in this chapter, the Court shall make an order for the payment of the debts as the circumstances of the estate shall require.   If there be not sufficient funds in the hands of the executor or administrator, the Court shall specify in the decree the sum to be paid to each creditor. But it then occurred to the Legislature that the effect of this order might be to leave out the contingent claims, which, when made absolute, were or would be equally entitled to payment; and to remedy this, the two hundred and forty-fourth section was inserted, which provided for retaining in the hands of the Court the amount to which the holder of these claims would be entitled on the happening of the contingency which was to make them absolute.   But this was a mere cautionary provision, not affecting, in any degree, the process by which such claims were to be authenticated and presented.

The former opinion, as herein modified, will stand as the ground of our decision.

Decree reversed and cause remanded.