[Civ. No. 17165.   First Dist., Div. Two.   June 24, 1957.]

MORRIS J. BERNSTEIN, Plaintiff and Appellant, v. ABRA-
HAM RUBIN, as Administrator With the Will Annexed,
etc., et al., Defendants and Appellants.

G. D. Schilling and Samuel Reisman for Plaintiff and Appellant.

Eugene H. O'Donnell, Leo H. Shapiro and V. G. Skinner for Defendants and Appellants.

DRAPER, J.—Defendant appeals from judgment for plaintiff in an action tried without jury. Plaintiff appeals from the portion of the judgment denying him interest. The action arises out of a joint venture agreement by which the parties agreed to share the costs of goods purchased by plaintiff, and to share the profits of their resale. Not the least confusing feature of the case is the fact that the goods, although purchased from "Northwest Tractor and Machinery Corp.," consisted of face creams and lotions.

The original complaint, for money had and received, was filed June 13, 1950. It named Alexander Rubin as defendant. During his lifetime, this defendant moved to dissolve an attachment and apparently answered and cross-complained. Alexander Rubin died December 28, 1951. On January 4, 1952, Abraham Rubin petitioned for letters of administration with the will annexed, and was appointed such January 18. Notice to creditors was first published January 21, 1952. One of the attorneys for Alexander Rubin in this action was attorney for the administrator, and the notice to creditors designated that attorney's office as the place for filing of claims against the estate. This attorney had a copy of the original verified complaint and of the bill of particulars in this case. Plaintiff, on May 21, 1952, served and filed request for special notice in the estate proceeding. By written stipulation dated May 20, 1952, it was agreed by counsel for both parties that Abraham Rubin, as administrator, should be substituted for Alexander Rubin, deceased, as "party defendant and cross-complainant" in the present action. Pursuant to this stipulation, order effecting this substitution was signed and filed June 9, 1952. No formal claim was filed in the probate proceeding before expiration of the time to file claims in July, 1952.

October 26, 1953, plaintiff filed in the probate proceeding his "Notice of Motion for Leave to File Amended Creditor's Claim." Accompanying the motion was a verified "amended

claim'' stating the substance of the complaint in this action, and the affidavit of one of plaintiff's attorneys. Both claim and affidavit alleged that copies of both the verified complaint and bill of particulars herein were in the possession of both the administrator and his attorney from the time of the administrator's appointment. The claim alleged that negotiations for settlement were carried on by counsel for plaintiff and for the administrator, and that the claim was rejected before May 20, 1952. After hearing, plaintiff's motion was granted by the probate court, and the amended claim was filed.

The principal issue is whether, on these facts, recovery by plaintiff is barred by the claims statute. Probate Code, section 700-708, provide for publication of notice to creditors and filing of claims. Section 709 provides: ''If an action is pending against the decedent at the time of his death, the plaintiff must in like manner file his claim . . . or present it . . . ; and no recovery shall be had in the action unless proof is made of such filing or presentation.''

The trial court found that plaintiff presented his creditor's claim to the administrator, who rejected it on or before May 20, 1952, and that thereafter, and after expiration of the time for filing claims, the amended claim was filed with leave of the probate court and was rejected by the administrator.

The facts of this case support these findings (*United States Gypsum Co.* v. *Shaffer,* 7 Cal.2d 454 [60 P.2d 998]). In that case, plaintiff obtained a judgment during the lifetime of defendant, who appealed. Defendant died before determination of the appeal. The attorney who had represented her was appointed one of three executors of her will. Within the period for filing creditors' claims, plaintiff, without knowledge of decedent's death, moved to require a new undertaking on appeal. Notice of this motion was served upon the attorney-executor, who appeared in opposition to the motion, but without disclosing the fact that his client had died. After expiration of the time for filing claims, plaintiff moved in the probate court for leave to file an amended claim (no formal claim having been theretofore filed). The probate court granted leave to file an ''amended claim'' with the same effect as though it had been filed on the same date as service on the attorney-executor of the motion to require a new undertaking. The trial court, however, held that the motion in the civil action was not equivalent to the filing of a claim in the probate court or its service upon the execu-

tors, and upon that ground entered judgment for defendant. The Supreme Court reversed this judgment.

The court noted defendant's contention that the notice of motion presented to the executor was not intended as notice of a claim against the estate, ''because it was entitled and filed in the action then pending, and not in the matter of the estate.'' But it rejected this contention, saying, at page 458:

''. . . The notice otherwise informed the executor of the identical judgment upon which the plaintiff based its claim and disclosed the plaintiff's intention to prosecute its rights thereunder. . . . A particular purpose of the requirement to file claims and of the limitation of time thereon is to inform the personal representatives and the court of the valid claims against the estate to the end that the estate be administered expeditiously. [Citations.] The code does not state what precise form such a claim shall take, and any notice presented to the executor or administrator which informs him of the outstanding claim is sufficient at least upon which to base an order permitting an amendment to supply the missing formalities or any deficiencies. [Citations.]

''The effect of the order permitting the amendment to be filed was not to extend the statutory period within which claims may be filed. Such a contention is founded on the hypothesis that no claim or notice sufficient to support an order permitting an amendment was filed within the statutory period.''

It is true that the Supreme Court also pointed out that a claim is not required to be filed against an estate where judgment precedes death of the defendant. ■ However, where an appellate court bases its decision on two grounds, each is a ruling on the questions involved, and neither is ''mere dictum.'' (*King* v. *Pauly*, 159 Cal. 549, 555 [115 P. 210, Ann.Cas. 1912C 1244].)

■ The case at bar is a stronger one than that before the court in *United States Gypsum Co.* v. *Shaffer, supra*. There, nothing was filed by plaintiff in the probate proceeding until after expiration of the time for filing claims. Here, request for special notice, reciting that plaintiff was a creditor, was filed within such period. Here, too, there was a formal substitution of the administrator as defendant, pursuant to stipulation and order made before expiration of the claims period. It seems clear that, under the rule of the United States Gypsum case, the trial court was fully justified in

accepting the view of the probate court that an amended claim was properly filed.

■ Defendant next contends that the third cause of action, added by an amended complaint, is in equity and not, as the original two causes of action, at law. Thus, he says, the amendment adding this count should not have been allowed. It is clear, however, that the judgment rendered is based solely upon the two common counts. It is not suggested that any evidence received was admissible only under the third count. Thus the addition of the third cause of action has not in any way prejudiced defendant.

Defendant also argues that the evidence is insufficient to support the judgment. It would serve no purpose to review the evidence of the numerous and involved transactions forming the basis of the many claims and counterclaims in this case. We have reviewed the transcript. It reveals direct conflict upon almost every issue, large or small. The evidence amply supports the judgment.

Plaintiff seeks reversal of that portion of the judgment denying him interest before date of judgment. ■ The general rule is that liquidated claims bear interest from the due date, and that the existence of an unliquidated offset does not destroy the right to interest. (*Hansen* v. *Covell*, 218 Cal. 622 [24 P.2d 772, 89 A.L.R. 670].) But where the claim is not subject to ascertainment by computation from the contract or from established market rates, interest is not allowable until the amount due has been determined by judicial process. (*Lineman* v. *Schmid*, 32 Cal.2d 204 [195 P.2d 408, 4 A.L.R.2d 1480]; *Axell* v. *Axell*, 114 Cal.App.2d 248 [250 P.2d 182]; *Cox* v. *McLaughlin*, 76 Cal. 60 [18 P. 100, 9 Am.St.Rep. 164].) In the case at bar, there was bitter dispute over substantially every item, large or small. There was an issue as to the period covered by the agreement. Many of the transactions here in issue were conducted wholly by plaintiff, who thus was the only party who knew the monetary results thereof. The record contains basis for the inference that many of these figures were withheld by plaintiff until the present litigation. On all the facts, we conclude that the trial court properly denied interest. (*Axell* v. *Axell, supra.*)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.