4 Cal.App.3d 454 (1970)
84 Cal. Rptr. 347
Estate of CLARA EDITH VOSE, Deceased.
SANTA ANA MEDICAL CLINIC, Claimant and Respondent,
v.
FIRST NATIONAL BANK OF ORANGE COUNTY, as Executor, etc., Objector and Appellant. FIRST NATIONAL BANK OF ORANGE COUNTY, as Executor, etc., Petitioner,
v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.
SANTA ANA MEDICAL CLINIC, Real Party in Interest. (Consolidated Cases.)
Docket Nos. 9580, 9728.
Court of Appeals of California, Fourth District, Division One.
February 17, 1970.
*455 COUNSEL
Rimel, Harvey & Helsing, Rimel, Harvey & Logan, Duffern H. Helsing and Richard N. Rimel for Objector and Appellant and for Petitioner.
Hunt, Liljestrom & Wentworth, Vernon W. Hunt, Jr., and John G. Bradshaw for Claimant and Respondent and for Real Party in Interest.
No appearance for Respondent.
OPINION
BROWN (Gerald), P.J.
The Orange County Superior Court ordered the filing of Santa Ana Medical Clinic's amended creditor's claim in Estate of Clara Edith Vose.
The executor, First National Bank of Orange County, first published notice to creditors on December 12, 1967. Three weeks later, on January 2, 1968, the clinic presented a bill to the executor's attorneys for $7,500 for total medical services provided Mrs. Vose. The bill did not show the nature of services or when they were performed. It stated services requiring extensive visits and time were rendered Mrs. Vose while she was in a hospital and convalescent home.
The bill was not supported by an affidavit stating the amount was justly due, no payments had been made which were not credited, and *456 there were no offsets to the sum owing, to the affiant's knowledge (Prob. Code, § 705). In other words, the bill lacked verification.
The six-month period for the filing of creditor's claims ended June 12, 1968 (Prob. Code, § 700). A month later, on July 12, the Clinic mailed a properly verified creditor's claim to the executor's attorneys, which the executor rejected August 6 as late.
The clinic then noticed a motion under Code of Civil Procedure section 473 for an order allowing the filing of an amended creditor's claim, contending the absence of a verification of the bill it presented January 2, 1968, was a mere formal deficiency. After hearing on November 12, 1968, the court granted the motion, finding the clinic had presented a claim in the form of a bill to the estate on January 2, 1968. The court made an order allowing the filing of the claim as amended by adding the required verification, effective nunc pro tunc January 2, 1968. The estate has appealed from the order allowing the amended claim to be filed. It also petitions for prohibition to restrain enforcement of the order.

1. APPEALABILITY OF THE ORDER.
(1) The right of appeal in probate matters is purely statutory; the only appealable judgments and orders in probate matters are those listed in Probate Code section 1240. (Estate of Hart, 119 Cal. App.2d 310, 312 [259 P.2d 703].) An order allowing filing of an amended claim is not among those listed as appealable orders. The appeal should be dismissed.

2. JURISDICTION TO ALLOW THE AMENDED CLAIM TO BE FILED.
(2) The bill presented by the clinic January 2, 1968 to the executor's attorneys was not a creditor's claim. It lacked verification. Probate Code section 705 specifically requires the claim be supported by an affidavit of the claimant or one in his behalf stating: 1) the amount is justly due, 2) no payments have been made which are not credited, and 3) there are no offsets to the claim to the affiant's knowledge.
"[T]he claim must of necessity be authenticated by a verification which on its face contains the essential matters prescribed by section 1494 [now Prob. Code, § 705] of the Code of Civil Procedure." (Doolittle v. McConnell, 178 Cal. 697, 712 [174 P. 305].)
Under Code of Civil Procedure section 473 the court had jurisdiction to allow the amended claim to be filed after the lapse of the six-month period for filing creditors' claims, because the estate had notice of the clinic's claim within the six-month period following the first publication of notice to creditors (United States Gypsum Co. v. Shaffer, 7 Cal.2d 454 *457 [60 P.2d 998]). Although the bill originally sent was defective as a creditors' claim because it lacked verification, it was nonetheless sufficient to allow an amendment under Code of Civil Procedure section 473 to add a verification. United States Gypsum Co. v. Shaffer, supra, 7 Cal.2d 454, 458 states: "... any notice presented to the executor or administrator which informs him of the outstanding claim is sufficient at least upon which to base an order permitting an amendment to supply the missing formalities or any deficiencies. [Citations.]" Accord, Bernstein v. Rubin, 152 Cal. App.2d 51, 54 [312 P.2d 755].
The appeal is dismissed. The petition for writ of prohibition is denied.
Coughlin, J., and Ault, J., concurred.
The petition of the appellant and the petitioner for a hearing by the Supreme Court was denied April 15, 1970.