[L.A. No. 30174. In Bank. Aug. 19, 1974.]

ZITA M. NATHANSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ETTA DEAN NATHANSON, as Executrix, etc., Real Party in Interest.

---

## COUNSEL

Harvey Allan Sitzer for Petitioner.

No appearance for Respondent.

Bert Z. Tigerman, Tankel, Toll, Strassman, Leavitt & Tigerman and Susan McElhinney for Real Party in Interest.

---

## OPINION

**SULLIVAN, J.**—Petitioner Zita M. Nathanson (Zita), individually and as guardian of the estate of Leslie Gail Nathanson, a minor (Leslie), seeks a writ of mandate commanding respondent superior court to permit the filing of her late creditor's claim in a probate proceeding.

Warren Nathanson died testate on June 16, 1972, and proceedings in respect to the administration of his estate are pending in respondent court. His last will was admitted to probate and his second wife, Etta Dean Nathanson (Etta), real party in interest herein, was appointed executrix. She caused notice to creditors to be given in the manner provided by law, first publication thereof occurring on August 14, 1972. The four-month statutory period for the filing or presentation of creditors' claims expired on December 14, 1972. (Prob. Code, §§ 700, 707.)[1]

Petitioner is the former wife of decedent, and Leslie is the daughter of petitioner and decedent. On October 3, 1972, petitioner, as guardian of Leslie's estate, filed in the estate proceedings a petition for a monthly family allowance from the date of the decedent's death until the filing of an inventory. Petitioner alleged therein on information and belief that the creditor's claims "anticipated to be filed" against the estate consisted of: (1) her claim for accrued and unpaid child support for Leslie

---

[1]Hereafter, unless otherwise indicated, all section references are to the Probate Code.

in the amount of $6,650, payable by reason of an interlocutory judgment of divorce granted her and (2) a further claim on behalf of herself and Leslie, in the amount of $75,000 resulting from the alleged failure of decedent to maintain a $100,000 life insurance policy, pursuant to a property settlement agreement made a part of the interlocutory judgment. Petitioner prayed for a family allowance for Leslie in the amount of $275 per month. On October 6, 1972, she also filed pursuant to section 1202 a request for special notice as "creditor of this estate."

On November 17, 1972, Etta who as surviving wife had previously filed a petition for a family allowance on behalf of herself and decedent's child born of his second marriage, served and filed objections to Zita's application for a family allowance for Leslie. A memorandum of points and authorities filed by Etta in support of her objections acknowledged the existence of the support order for Leslie made in the divorce proceedings and referred to that portion of Zita's petition which anticipated the filing of the two claims set forth above. In reference thereto, the executrix stated that she "denies the validity of said claim, and if filed, said claim will be rejected." On November 20, 1972, respondent court granted Zita's petition and ordered that Leslie receive a family allowance of $275 per month beginning June 16, 1972. This award is not here in issue.

On December 29, 1972, approximately two weeks after the expiration of the statutory period for the filing or presentation of claims, petitioner, through her attorneys, filed in the office of the clerk of respondent court, on behalf of Leslie and herself, a verified creditor's claim in the sum of $82,000. This sum consisted of $7,000 due Zita as child support for Leslie and $75,000 due both Zita and Leslie because of decedent's alleged failure to maintain the $100,000 life insurance policy. Beneath the description of these two items appeared the following: "For further particulars, reference is hereby made to the verified petition of Zita Nathanson for family allowance before inventory filed on or about October 3, 1972."

On January 12, 1973, petitioner filed a "Petition for Order Authorizing Filing of Late Claim" alleging that "[t]hrough mistake and inadvertence petitioner's claim was not regularly filed with this court in proper form" within the statutory four-month period for presenting claims; and that notice of her claim had been given to decedent's estate within such claim-presentation period when on October 3, 1972, she filed and served her petition for a family allowance listing therein in respect to the indebtedness of the estate her two claims as "[c]reditors claims anticipated to be filed."

Petitioner prayed that her claim be deemed filed as a late claim since the estate had actual notice of the claim within the statutory period and such notice was sufficient to give the probate court jurisdiction under section 473 of the Code of Civil Procedure to allow the claim to be filed after the expiration of the claim-presentation period. On January 16, 1973, the executrix rejected the creditor's claim filed on December 29, 1972, with the clerk of the court.

On February 9, 1973, respondent court denied Zita's petition "as being untimely filed" noting additionally in the minutes that her previous petition for a family allowance "does not constitute a demand upon the estate to pay child support" for Leslie. Petitioner then sought a writ of mandate in the Court of Appeal to compel respondent court to permit the filing of a late creditor's claim. The Court of Appeal issued a peremptory writ of mandate directing respondent court to permit her to file an amended claim and to vacate respondent's order of February 9. We granted a hearing upon the petition of the executrix. .

We first consider two preliminary matters—the precise nature of the relief sought in the probate court and the propriety of proceedings in mandamus to review the court's action.

As previously noted, Zita's petition was clearly one for an order authorizing the filing of a late creditor's claim, in other words, a claim which had not been timely filed; indeed it stated that the claim was filed on a specific date, admittedly after expiration of the four-month period for the filing or presentation of creditor's claims. We have already alluded to the allegation therein that the claim was not regularly filed in proper form within the statutory period. This is confirmed by the declaration of Zita's attorney attached to the petition. Although he stated therein that *notice* of petitioner's intention to file her claim within the four-month period had been given to both the executrix and the court, he further stated that through "inadvertence and mistake, counsel for petitioner incorrectly calendared the last date within which to file such claim and, in fact, filed such claim on December 29, 1972, approximately two weeks after the expiration of the four-month period allowed for the filing of such claims." We think that the ineluctable conclusion to be drawn from all of this is that petitioner failed to file her creditor's claim on time and in an endeavor to escape the pertinent provisions of the Probate Code sought to obtain relief by invoking Code of Civil Procedure section 473.

██ As to the second point of inquiry, there is no question that mandate is an appropriate remedy to review the proceedings below. A

writ of mandate "may be issued . . . to compel the performance of an act which the law specially enjoins . . . ." (Code Civ. Proc., § 1085) and "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc., § 1086.) ▇ We have pointed out on numerous occasions that mandate " 'will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way . . . .' [Citations.]" (*Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17].) ▇ In the case at bench, there is no dispute about the facts. If the probate court lacked authority to permit the filing of a late creditor's claim under the particular circumstances of this case, then there would be no duty enforceable by mandate and, of course, no province for the exercise of any judicial discretion assuming arguendo that discretion was exercisable under Code of Civil Procedure section 473. If, on the other hand, the court was vested with such authority and, under the particular facts, as a matter of law, should have granted permission to file the claim it may be directed by mandate to do so. The absence of another adequate remedy was determined by the Court of Appeal when it granted the alternative writ. (*Mannheim* v. *Superior Court*, *supra*, at p. 686.)

Generally speaking, California statutes deny to the probate court the power to permit late filing of creditor's claims. Section 700 of the Probate Code, the basic statute on notice to creditors, obliges the executor or administrator to publish "a notice to the creditors of the decedent, *requiring* all persons having claims against the decedent *to file* them . . . in the office of the clerk of the court . . . or to *present* them . . . to the executor or administrator . . . *within four months* after the first publication of the notice." (Italics added.) Section 707, with exceptions not here applicable, provides in pertinent part that "all claims arising upon contract, whether they are due, not due, or contingent . . . must be filed or presented within the time limited in the notice or as extended by the provisions of Sections 702 and 709 . . . and *any claim not so filed or presented is barred forever*, unless it is made to appear by the affidavit of the claimant to the satisfaction of the court or a judge thereof that the claimant had not received notice, by reason of being out of the state, in which event it may be filed or presented at any time before a decree of distribution is rendered." (Italics added.)[2]

---

[2]Petitioner does not, nor indeed could she, contend that she comes within the last exception.

■ Accordingly, it has been long and consistently held by California courts that with certain exceptions not here applicable,[3] "all claims against the estate of a decedent arising upon contract must be filed or presented within the time prescribed in the published notice to creditors, and if not so filed or presented they are barred forever." (*Estate of Grant* (1935) 2 Cal.2d 661, 664-665 [43 P.2d 266]. In accord: *Hansen* v. *Bear Film Company, Inc.* (1946) 28 Cal.2d 154, 180 [168 P.2d 946]; *Morrow* v. *Barker* (1897) 119 Cal. 65, 66-67 [51 P. 12]; *Boyce* v. *Fisk* (1895) 110 Cal. 107, 117 [42 P. 473]; *Estate of Hildebrandt* (1891) 92 Cal. 433, 435-436 [28 P. 486]; *Pico* v. *De La Guerra* (1861) 18 Cal. 422, 427-431; *Glass* v. *Benkert* (1971) 18 Cal.App.3d 322, 327-329 [95 Cal.Rptr. 735]; *Billups* v. *Tiernan* (1970) 11 Cal.App.3d 372, 376-377 [90 Cal. Rptr. 246]; *Pearson* v. *Norton* (1964) 230 Cal.App.2d 1, 15-17 [40 Cal. Rptr. 634]; *Estate of Middleton* (1963) 215 Cal.App.2d 324, 329-331 [30 Cal.Rptr. 155]; *Hurlimann* v. *Bank of America* (1956) 141 Cal.App. 2d 801, 804-806 [297 P.2d 682].)

In the instant case, it is not disputed—indeed it is conceded—that petitioner's creditor's claim was not filed within the period provided by law for the presentation or filing of claims. She makes no contention that filing was permissible under any of the statutory exceptions heretofore noted. (See fn. 3, *ante*.) It is clear, then, that the order of the probate court denying her leave to file the claim was proper and in accordance with governing law. The court had no authority—much less a legally enjoinable duty—to permit the filing of the claim, and in view of this, cannot be compelled by mandate to act otherwise.

Petitioner contends, however, that she does not fall within this rule. She argues that since, during the four-month statutory period, she filed her petition for family allowances and her request for special notice as

[3]See Section 702 (extension of time to file or present claims where affidavit of publication of notice not filed within 30 days after completion of publication); section 707, subdivision (a) (presentation or filing of claim permissible at any time before rendition of decree of distribution where claimant has not received notice by reason of being out of state); section 707, subdivision (b) (filing and presentation of claim not required in certain instances as a prerequisite for commencing an action against decedent for damages for personal injuries or wrongful death); section 707.5 (special provisions governing time for filing or presentation of claims by public entity); section 709 (special provisions governing filing and presentation of claim of plaintiff in action pending against decedent at time of his death); section 720 (special provisions governing filing and presentation of claims for damages for injuries or death for which no action specified in § 709 is pending); section 721 (presentation or filing of claim not required in action to establish liability of decedent protected by liability insurance coverage); and section 929 (just debts paid without filing or presentation of claim when estate solvent).

a creditor of the estate (§ 1202),[4] decedent's estate and its representatives received actual and timely notice of her claims and of her intention to prosecute them. Relying principally upon the *Estate of Vose* (1970) 4 Cal.App.3d 454 [84 Cal.Rptr. 347], she asserts that the above notice was sufficient upon which to base an amendment pursuant to Code of Civil Procedure section 473.

In *Vose*, shortly after the first publication of notice to creditors, the claimant presented to the executor a bill for medical services rendered the decedent. The bill was not supported by the affidavit required by section 705,[5] and therefore lacked verification. One month after the expiration of the statutory period for presenting or filing claims, the claimant presented to the executor a properly verified creditor's claim, which the executor thereupon rejected. The claimant then moved the probate court under Code of Civil Procedure section 473[6] for an order allowing the filing of an amended creditor's claim, contending that the absence of a verification was a mere formal deficiency. The court granted the motion and made an order allowing the filing of the claim as amended by adding the required verification, effective *nunc pro tunc* as of the date the bill was first presented.

[4]Section 1202 provides: "At any time after the issuance of letters testamentary or of administration, any person interested in the estate, whether as heir, devisee, legatee, creditor, beneficiary under a trust, or as otherwise interested, or the State Controller, may, in person or by attorney, serve upon the executor or administrator or trustee, or upon the attorney for such executor, administrator, or trustee, and file with the clerk of the court where the proceedings are pending, with a written admission or proof of such service, a written request, stating that he desires special notice of the filing of any or all of the petitions, accounts or reports mentioned in Section 1200 of this code, and giving the post office address of the person making the same, or his attorney. Thereafter such person shall be entitled to notice as provided in said Section 1200."

[5]Section 705 provides: "Every claim which is due, when filed or presented, must be supported by the affidavit of the claimant or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. If the claim is not due when filed or presented, or is contingent, the particulars of the claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason therefor. The executor or administrator may also require satisfactory vouchers or proof to be produced in support of the claim. If the claimant leaves any original voucher in the hands of the executor or administrator, or suffers the same to be filed with the clerk, he may withdraw the same, when a copy thereof has been already, or is then, attached to his claim."

[6]Petitioner does not point out to us the particular portion of section 473 upon which she rests her argument but seems to by relying upon the following: "The court may, upon such terms as may be ust, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ."

The court in *Vose* seems to have initially determined that the case fell within the broad rule that under proper circumstances a claim filed within the statutory period may be amended after the expiration of that period. (*United States Gypsum Co.* v. *Shaffer* (1936) 7 Cal.2d 454, 457 [60 P.2d 998]; *Lundberg* v. *Katz* (1941) 44 Cal.App.2d 38, 45 [111 P.2d 917]; *Davis* v. *Superior Court* (1917) 35 Cal.App. 473, 478-481 [170 P. 437].) Concluding that the probate court had the power to afford relief to the claimant pursuant to Code of Civil Procedure section 473 which was deemed applicable to probate proceedings, the *Vose* court denied prohibition to restrain enforcement of the order allowing the filing of an amended creditor's claim on the basis that such an order was not in excess of the probate court's jurisdiction. The Court of Appeal reasoned that the probate court's action was proper "because the estate had notice of the clinic's claim" within the claim presentation period, citing the opinion of this court in the *United States Gypsum* case. The court then went on to state: "Although the bill originally sent was defective as a creditors' claim because it lacked verification, it was nonetheless sufficient to allow an amendment under Code of Civil Procedure section 473 to add a verification. *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454, 458, states: '. . . any notice presented to the executor or administrator which informs him of the outstanding claim is sufficient at least upon which to base an order permitting an amendment to supply the missing formalities or any deficiencies. [Citations.]' Accord, *Bernstein* v. *Rubin,* 152 Cal.App.2d 51, 54 . . . ." (*Estate of Vose, supra,* 4 Cal.App.3d at pp. 456-457.)

We find no merit in petitioner's contention. To start with, it attempts to circumvent, if not totally ignore, the basic rule already alluded to (see fn. 3 and accompanying text) that all claims arising upon contract, all claims for funeral expenses and all claims for damages as specified by the Probate Code "*must* be filed or presented within the time limited in the notice . . . and any claim not so filed or presented is *barred forever* . . . ." (§ 707; italics added.) An examination of the purpose of the pertinent statutes (see §§ 700-717) including the above section compels the rejection of the thesis that mere "notice" on the part of the executor or administrator of the claim or debt may constitute a sufficient basis for the presentation or filing of an "amended" creditor's claim after the expiration of the statutory period.

In the first place the executor or administrator occupies a fiduciary relationship in respect to all parties having an interest in the estate including heirs, beneficiaries under the will and creditors (*Larrabee* v. *Tracy* (1943) 21 Cal.2d 645, 650 [134 P.2d 265]; *Estate of Palm* (1945) 68

Cal.App.2d 204, 211 [156 P.2d 62]) and, as a fiduciary, has the duty towards such parties to protect their legal rights in the estate (*Larrabee* v. *Tracy, supra*; *Estate of Erwin* (1953) 117 Cal.App.2d 203, 204 [255 P.2d 97]). ■ Indeed the probate court itself is the guardian of the deceased person's estate. (*County of Los Angeles* v. *Morrison* (1940) 15 Cal.2d 368, 371 [101 P.2d 470, 129 A.L.R. 443]; *Estate of Erwin, supra.*) ■ It is the clear duty of the executor or administrator, as well as of the probate judge, to protect the estate against the collection of a claim which if not filed or presented as required by statute "is barred forever." (§ 707; see *Estate of Erwin, supra*, at p. 205.)

Secondly, the statutory period for filing or presenting creditor's claims is designed to promote a speedy and amicable distribution of the assets of the estate while allowing the executor or administrator to keep them intact for the beneficiaries to the extent permitted by law. One hundred years ago in *Harp* v. *Calahan, supra*, 46 Cal. 222, 231, this court declared: "The policy which dictated the provisions requiring *claims against the estate* to be presented within a fixed period is perfectly apparent. It was intended to expedite the settlement of the estate, and to enable the administrator and the Probate Court to ascertain speedily, and with certainty, what debts were to be provided for, what sales of property would be necessary, and when the estate would be ready for distribution." (See also *Western States Life Ins. Co.* v. *Lockwood* (1913) 166 Cal. 185, 196 [135 P. 496]; *Estate of Swain* (1885) 67 Cal. 637, 639 [8 P. 497]; *Leoni* v. *Delany* (1948) 83 Cal.App.2d 303, 309 [188 P.2d 765, 189 P.2d 517].) ■ As we more recently said, "Probate Code section 707 is intended to insure that the executor or administrator of an estate will be notified within a reasonable period of time of all claims so that the estate may be expeditiously settled and distributed to the legatees or heirs." (*Satterfield* v. *Garmire* (1967) 65 Cal.2d 638, 641 [56 Cal.Rptr. 102, 422 P.2d 990]; see also *Harp* v. *Calahan, supra*, 46 Cal. 222, 231; *Hurlimann* v. *Bank of America, supra*, 141 Cal.App.2d 801, 805.) It has therefore been held in a number of California cases that the statutory requirement that a creditor's claim be presented or filed within the statutory period cannot be waived by the representative of the estate. (See for example *Fontana Land Co.* v. *Laughlin* (1926) 199 Cal. 625, 636-637 [250 P. 669, 48 A.L.R. 1308]; *Harp* v. *Calahan, supra*, 46 Cal. 222, 233; *Pearson* v. *Norton, supra*, 230 Cal.App.2d 1, 16 [40 Cal.Rptr. 634]; *Estate of Heigho* (1960) 186 Cal.App.2d 360, 367 [9 Cal.Rptr. 196]; *Hurlimann* v. *Bank of America, supra*; *Estate of Smith* (1953) 122 Cal. App.2d 216, 218 [264 P.2d 638]; *Estate of Erwin, supra*, 117 Cal.App. 2d 203, 204; but cf. *Satterfield* v. *Garmire, supra*, at pp. 641, 645.)

However, under proper circumstances, a creditor's claim which has been filed or presented within the statutory period may be amended after the expiration of such period. (*United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454, 457; *Lundberg* v. *Katz, supra,* 44 Cal.App.2d 38, 45; *Davis* v. *Superior Court, supra,* 35 Cal.App. 473, 479-481.) Implicit in the above rule is the requirement that there be in the first place a timely filed or presented creditor's claim which can be the subject of amendment. What this initial and presumably defective claim may be, will of course vary according to the circumstances of the particular case. But basically it must be a "claim" of the creditor and must be filed or presented as such, even though it may contain defects or informalities which require corrections or additions in order to make it accurate and complete.

The Probate Code does not provide a definition of "claim" as used in section 700 and following sections. ■ Essentially the word connotes a demand (see Black's Law Dict. (4th ed. 1951) p. 313) for the payment of a debt or of damages (see § 707) made against the representative. While the code lacks a specific definition, it does contain as an appendage to section 700 an official form of creditor's claim approved by the Judicial Council and recommended, though not required, for use. (See Cal. Rules of Court, rule 982.) It is noteworthy that in the instant matter petitioner presented her late creditor's claim on December 29, 1972, on a printed form corresponding closely to the official form. ■ Quite apart from this recommended form, of which petitioner's counsel seems to have been well aware, it has been long settled in this state that a claim need only "state such facts as will apprise the executor or administrator of the amount of the demand." (*Tabata* v. *Murane* (1944) 24 Cal.2d 221, 231 [148 P.2d 605].) But the claim must be filed or presented as a demand against the estate in some form sufficient to apprise the representative of the underlying debt or injury. (See *Thompson* v. *Koeller* (1920) 183 Cal. 476, 483 [191 P. 927]; *Doolittle* v. *McConnell* (1918) 178 Cal. 697, 711-712 [174 P. 305].)

In summary when a creditor's claim has been filed or presented within the statutory period, the probate court has the jurisdiction and power under proper circumstances to permit its amendment after the expiration of such period. But there must be a timely claim in the first place, that is, a demand against the estate for payment which has its own independent existence as a "proceeding" before the probate court and does not have to be gleaned from some other proceeding involving either the decedent in his lifetime or the administration of his estate so as to provide the construct of a claim as incidental thereto. We are satisfied that mere notice

to the estate is not enough. It is too late in the day to equate mere notice and compliance with statutory filing requirements thereby imposing on representatives of estates the responsibility of guessing when they must take action in respect to the debts of decedents.

We are cognizant of the fact that decisions dealing with amendment of creditor's claims have not yielded a completely consistent and harmonious pattern of the law. In *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454, for example, the plaintiff had obtained a judgment against the decedent in her lifetime. Decedent appealed and filed a bond to stay execution of the judgment. Subsequent to her death, plaintiff served upon the decedent's attorneys "a notice of motion" to furnish a new undertaking on appeal, service of which was acknowledged. The representatives failed to inform the plaintiff of decedent's death and also failed to substitute the estate in the proceedings. It was this "notice of motion" to which the court referred in holding that "the presentation to the proper person of the notice of motion of May 16, 1933, and appearance pursuant thereto served as a presentation of notice of the plaintiff's claim to the executors upon which the court could properly predicate an order permitting an amended claim to be filed." (*Id.* at p. 459.)

In *Bernstein* v. *Rubin* (1957) 152 Cal.App.2d 51 [312 P.2d 755], the court, relying on *Gypsum* held that a request for special notice, reciting that the plaintiff was a creditor, and the formal substitution of the administrator as the defendant, both filed within the statutory period, served to give adequate notice to the administrator sufficient to permit the late filing of an amended claim.

In *Bank of America* v. *Gesler* (1967) 252 Cal.App.2d 565 [60 Cal. Rptr. 657], where the claimant submitted, within the statutory period, a request for special notice (§ 1202) describing itself as a creditor, to which was attached a copy of the promissory note constituting the underlying claim together with a notation of the balance due, the court did not permit claimant to amend the claim to add the requisite verification. However in *Estate of Vose, supra,* 4 Cal.App.3d 454, where the "claim" consisted solely of a bill from a clinic which merely stated the total amount of medical services provided to the decedent, and which was not supported by verification, the court nevertheless permitted an amendment to add the requisite verification after expiration of the statutory period.

The inconsistencies are readily apparent. In *Gypsum,* the notice of motion was not a claim or demand, but as its name indicated a mere notice. Additionally the request for special notice in *Bernstein,* despite

its recital that the plaintiff was a creditor, failed to apprise the representative of the specific nature of the debt and was not a claim or demand, but merely a notice. In *Gesler*, however, the promissory note, inscribed with the specific amount due, represented a valid demand on the estate, but the court presented with a valid claim, refused to permit an amendment after the statutory period for filing claims had run. Only in *Vose*, where the bill lacked only a verification, did the court properly conclude that the bill was a sufficient claim upon which to base an amendment to supply the missing formality.

In the instant case there is no question but that the form on which the "notice" was given was a form for petition for family allowance. The form is virtually identical to the recommended form for petition for family allowance set forth in the California Continuing Education of the Bar publication, California Decedent Estate Administration, section 11.15 at pages 402-404. The petition contained all of the averments required in that type of request; it cannot be construed as anything other than the type of document indicated by its title. The only prayer or demand contained therein was for an award of a family allowance and not for the payment of a creditor's claim. Moreover, in compliance with the petition for family allowance, the probate court, on November 29, 1972, ordered that the child receive a family allowance as sought. It is noteworthy that petitioner has not objected to that award.

At best, the recitals contained in the petition gave notice to the executrix of creditors' claims *"anticipated* to be filed." (Italics added.) In fact, in the comment accompanying the recommended form for petition for family allowance contained in California Decedent Estate Administration (*supra*, at p. 403), the author states: "Whether the petition is filed before or after inventory, sufficient information should be provided to permit the court to make the order sought. Solvency is not required during the first year of an allowance, but the court *should have as accurate a picture of the estate's assets and liabilities as can be made available.*" (Italics added.) It is apparent that petitioner's attorney was aware that there was an official form of creditor's claim since he himself used a facsimile of it. Additionally, the attorney has admitted that the reason for filing the late claim was that through mistake and inadvertence he had miscalendared the correct filing date.

We conclude that petitioner's recital in her petition for a family allowance of the two creditor's claims of petitioner which were "anticipated to be filed" did not constitute a claim or demand against the estate which

could properly be the subject of an amendment.[7] Notice afforded the executrix by such recitals that petitioner would have two claims against the estate was of itself insufficient to constitute a claim upon which an amendment could be based.

Petitioner contends that other forms of "notice" given the estate, including the request for special notice and a conversation alleged to have taken place between the attorneys for both parties, constituted sufficient "notice" upon which to base an amendment subsequent to the statutory period. Having repudiated the notion that mere "notice" is sufficient, we reject this argument as being devoid of merit. Nor does the request for special notice constitute a sufficient demand on the estate to serve as the basis for an amendment.

We conclude that in the case before us neither the recitals contained within the petition for family allowance, nor the request for special notice, nor any conversation between attorneys for the opposing parties, constituted a sufficient claim or demand upon which to base an amendment subsequent to the statutory period for filing a creditor's claim. Moreover, the probate court lacked any authority to permit a claim to be filed after the statutory period had run. Mere "notice" being insufficient upon which to base an amendment pursuant to Code of Civil Procedure section 473, the probate court properly refused to permit the filing of the late claim under these circumstances and did not abuse its discretion.

 To recapitulate, we hold that (1) except as otherwise provided by statute (see, e.g., fns. 2 and 3 and accompanying text), a probate court has no power to permit the filing of a creditor's claim after expiration of the statutory period for filing or presenting claims; (2) under proper circumstances, a creditor's claim which has been filed or presented within the statutory period may be amended after such period has run; (3) whether a claim has in fact been filed or presented within the statutory period so as to be the subject of an amendment depends upon the circumstances of the particular case; and (4) mere notice to the estate, in the sense of imparting knowledge of the underlying debt to the representative, does not constitute a sufficient claim or demand which can be

---

[7] In fact, were we to interpret these recitals of anticipated creditors' claims as constituting valid claims, and were the claimant to list anticipated claims of *other* parties these other parties, not having made a demand on the estate, would nevertheless be able to amend their "claim" subsequent to the end of the statutory period. We reject such a notion, for it would negate the purpose of section 707 to promote the expeditious settlement of estates and the speedy distribution of assets to the intended beneficiaries.

the basis of an amendment. To the extent that they are inconsistent with our ruling here *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal. 2d 454, is overruled and *Bernstein* v. *Rubin, supra,* 152 Cal.App.2d 51; *Bank of America* v. *Gesler, supra,* 252 Cal.App.2d 565 and *Estate of Vose, supra,* 4 Cal.App.3d 454, are disapproved.

The alternative writ of mandate is discharged and the petition for a peremptory writ is denied.

Wright, C. J., McComb, J., Burke, J., and Clark, J., concurred.

**TOBRINER, J.**—I dissent. The majority opinion holds that no document can qualify as a claim in probate—even as a defective claim whose defects can be cured by later amendment—unless it takes the form of a demand upon the probate estate and has a certain independent existence as a proceeding before the probate court. The controlling case law is to the contrary.

The leading case is *United States Gypsum Co.* v. *Shaffer* (1936) 7 Cal.2d 454 [60 P.2d 998]. Plaintiff obtained a judgment against Hart, who appealed and filed a bond to stay execution of judgment. Hart died pending the appeal, but defendants, his executors, failed to notify plaintiff of the death or to substitute the estate as a party defendant. Subsequent to Hart's death, plaintiff served on defense counsel a notice of motion to furnish a new undertaking on appeal. After the period for filing creditors' claims had run, plaintiff, having learned of Hart's death, sought leave of court to file an amended claim. Ruling that the notice of motion was not filed as a probate claim, the superior court denied that request.

This court unanimously reversed the lower court ruling. In language which is fully applicable to the present case, we stated that: "The opportunity afforded for amendment presupposes that there might be defects and informalities in the original presentation of a claim which requires correction or additions before it complies with the statutory requirements. A particular purpose of the requirement to file claims and of the limitation of time thereon is to inform the personal representatives and the court of the valid claims against the estate to the end that the estate be administered expeditiously. . . . *The code does not state what precise form such a claim shall take, and any notice presented to the executor or administrator which informs him of the outstanding claim is sufficient at*

*least upon which to base an order permitting an amendment to supply the missing formalities or any deficiencies.*" (7 Cal.2d at p. 458.) (Italics added.)[1]

In *Bernstein* v. *Rubin* (1957) 152 Cal.App.2d 51 [312 P.2d 755], defendant died pending trial of plaintiff's suit. Plaintiff filed a request for special notice with the probate estate, and stipulated with the administrator for the latter's substitution as party defendant in the pending lawsuit. The trial court treated the request for special notice and the stipulation as defective probate claims, and permitted plaintiff to file an amended probate claim after the expiration of the filing period. The Court of Appeal affirmed, relying on *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454.

In the most recent decision, *Estate of Vose* (1970) 4 Cal.App.3d 454 [84 Cal.Rptr. 347], the creditor presented an unverified bill to the executor within the filing period. One month after expiration of that period, it filed a verified amended claim. Relying upon *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454, and *Bernstein* v. *Rubin, supra,* 152 Cal.App.2d 51, the Court of Appeal upheld the probate court's jurisdiction to allow the amended claim. We denied a petition for hearing.[2]

The overruling of these decisions will necessarily increase those instances in which a just creditor's claim goes unpaid, with the decedent's heirs reaping the unexpected windfall. I perceive no countervailing bene-

---

[1]The majority opinion's repeated assertion that "mere notice" is insufficient basis for an amended claim attacks a straw man; the rule established in *United States Gypsum Co.* v. *Shaffer, supra,* requires notice "presented to the executor or administrator which informs him of the outstanding claim. . . ." (7 Cal.2d at p. 458.)

[2]The majority opinion asserts that decisions dealing with amendments of creditor's claims have not yielded a completely consistent pattern. (*Ante,* p. 367.) The inconsistent decision is *Bank of America* v. *Gesler* (1967) 252 Cal.App.2d 565 [60 Cal. Rptr. 657], which held that a demand for special notice, to which the creditor had attached a promissory note executed by the decedent, could not be amended to add a verification to transform it into a valid creditor's claim. When a Court of Appeal decision is inconsistent with a prior decision of this court, one possible explanation is that the Court of Appeal overlooked the controlling precedent and decided the case incorrectly. A review of the opinion in *Gesler* confirms this explanation; that opinion does not cite, much less distinguish, the prior decisions in *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454 and *Bernstein* v. *Rubin, supra,* 152 Cal. App.2d 51.

Indeed, since the promissory note in *Gesler* contained words of demand, the Court of Appeal decision in that case is incorrect even under the restrictive test set forth in the majority opinion, and that opinion therefore overrules *Gesler*. (*Ante,* pp. 369-370.) Thus none of the cases involving amendment of creditor's claims supports the position advanced in the majority opinion.

fit. *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454, the leading precedent, was decided in 1936. Although the efficient administration of probate estates has been a matter of continuing concern and discussion among the bar and the judiciary, I have heard no voice calling for the overruling of that decision. The Legislature has frequently amended the statutory provisions on the filing of creditor's claims, but has neither annulled nor restricted the reach of that precedent; most of its amendments have served to liberalize filing requirements and to reduce the number of instances in which a just claim is lost through lack of strict compliance.[3] In sum, there is no reason to believe that the rule established in *United States Gypsum Co.* v. *Shaffer, supra,* in 1936, and followed by subsequent Court of Appeal decisions, is a significant impediment to efficient probate administration. Thus the majority decision will compel an unjust result in the present case and future cases, without any offsetting public benefit.

The holding of the majority is not founded upon legislative enactment, judicial decision, or reasons of policy. It rests, instead, upon a rather metaphysical notion that the irreducible essence of a probate claim is a document bearing words of present demand and filed in the probate proceeding. The majority apparently believe that this exercise in the lexicographic philosophy will permit them to order the law respecting filing and amendment of probate claims into neat and logical categories. Instead, it will lead them into the absurdity of declaring that although most defects of form in a probate claim can be cured by amendment, certain of the most trivial defects, such as the use of words of future instead of present demand, are utterly incurable.

To terminate payments necessary to the support of decedent's child because the attorney employed the wrong form, and used words of future demand, inflicts a personal tragedy; to accomplish this unjust end by the overturning of precedents which would permit the attorney to mend his error enacts a legal tragedy.[4] In our concern for efficient judicial

---

[3] See Statutes 1965, chapter 1593, page 3685, section 2; Statutes 1969, chapter 959, page 1907, section 2; Statutes 1971, chapter 1226, page 2374, section 3; Statutes 1971, chapter 1638, page 3533, section 4.

[4] The majority opinion stresses that petitioner's attorney was familiar with the official forms for probate claims, and did not, in filing a petition for family allowance, intend that document as a probate claim. These facts may bear on the culpability of petitioner's counsel, but they are irrelevant to the issue at hand: whether that petition for family allowance can serve as a basis for an amended claim. Under *United States Gypsum Co.* v. *Shaffer, supra,* 7 Cal.2d 454, a document may serve

administration we must not forget that attorneys are fallible, and that behind every erring attorney is a suffering client.

Mosk, J., concurred.

---

as the basis for an amended claim if it is presented to the executor or administrator, and informs him of the outstanding claim; the petition for family allowance in the case at bar meets these requisites.