[No. G014290. Fourth Dist., Div. Three. Nov. 30, 1993.]

MICHAEL J. GERTNER, as Executor, etc., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
VW CREDIT, INC., Real Party in Interest.

**COUNSEL**

Michael J. Lancaster and Dieter Zacher for Petitioner.

No appearance for Respondent.

Cooksey, Howard, Martin & Toolen, Kim Patterson Gage, Lawrence H. Miller and Richard J. Radcliffe for Real Party in Interest.

## OPINION

**MOORE, Acting P. J.**—Petitioner Michael J. Gertner, the executor of a decedent's estate, seeks to vacate an order of respondent superior court granting the petition of VW Credit, Inc., the real party in interest, to file a late creditor's claim under Probate Code section 9103.[1]

### FACTS

Gertner is the executor of the estate of Bruce Geoffrey Saville pursuant to letters issued by the superior court September 1, 1992. VW Credit asserts it is a secured creditor of Saville's under a motor vehicle sale agreement executed by VW Credit and Saville before his death.

On January 13, 1993, Gertner mailed notice of the administration of the estate to VW Credit at the following address: Depart. 0052, Palatine, Illinois 60055-0052. VW Credit did not file a creditor's claim with Saville's estate within 30 days after the notice was mailed to it.

On March 9, VW Credit petitioned for an order allowing it to file a late claim. In a supporting declaration Amy Lebeau, an employee of VW Credit's legal department, admitted VW Credit received the notice and that it had a January 13 postmark. She declared the address to which the notice was sent is a lock box bank address used to receive payments on installment accounts. Mail sent to this address not accompanied by payment or not referring to an account number is delayed a considerable length of time before being forwarded to the appropriate department. The notice was not received by VW Credit's legal department until February 9. Upon receiving the notice, Lebeau mailed the documents to VW Credit's attorneys and instructed them to file a claim.

After a contested hearing, the superior court granted VW Credit's petition.

### DISCUSSION

A writ of mandate may be issued to compel the performance of an act the law specially enjoins. (Code Civ. Proc., § 1085.) It must be issued where there is no plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., § 1086.)

The absence of an adequate legal remedy clearly exists. ▋ Probate orders are generally not appealable unless expressly made so by statute.

---

[1] All statutory references are to the Probate Code unless otherwise specified.

(*Estate of Schechtman* (1955) 45 Cal.2d 50, 54 [286 P.2d 345]; *Varney* v. *Superior Court* (1992) 10 Cal.App.4th 1092, 1098 [12 Cal.Rptr.2d 865].) No statute expressly provides for an appeal from an order granting or denying a petition to file a late creditor's claim. Case law has held orders allowing the claim of a creditor (*Estate of Cole* (1951) 106 Cal.App.2d 823, 825 [236 P.2d 206]), and allowing the filing of an amended creditor's claim (*Estate of Vose* (1970) 4 Cal.App.3d 454, 456 [84 Cal.Rptr. 347]) are not appealable. We conclude an order granting a petition to file a late creditor's claim under section 9103 is also nonappealable.

The more serious question is whether the superior court may be compelled to vacate its order granting VW Credit's petition to file a late claim. A writ of mandate will not issue to control the exercise of judicial discretion. (*Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695]; *Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355, 361 [115 Cal.Rptr. 783, 525 P.2d 687].) But mandamus does lie where that discretion is abused (*State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13]), or where under the facts the court's discretion can be exercised in only one way (*Nathanson* v. *Superior Court*, *supra*, 12 Cal.3d at p. 361; *Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17]; *O'Bryan* v. *Superior Court* (1941) 18 Cal.2d 490, 496 [116 P.2d 49, 136 A.L.R. 595]).

We conclude, based on the facts of this case, that the superior court lacked discretion to grant VW Credit's petition to file a late claim.[2] Gertner asserts he used the address VW Credit provided to the decedent, and VW Credit acknowledges receiving the notice postmarked January 13 and delivering the notice to its legal department before the time limit for filing a claim expired. Thus, the facts fail to establish VW Credit is entitled to file a late claim. VW Credit argues the superior court properly allowed it to file a late claim under section 9103 since it did not receive actual knowledge of the existence of the administration of Saville's estate until February 9, less than 15 days before expiration of the time for filing a creditor's claim under section 9100.

Where an estate's personal representative "has knowledge of a creditor of the decedent, the personal representative shall give notice of administration

---

[2]Our dissenting colleague suggests we are simply disagreeing with the superior court's factual findings in this case. But there are no facts in dispute. The undisputed evidence establishes Gertner mailed a properly addressed notice of the administration of the estate to VW Credit which received the notice in the ordinary course of the mail well before the 30-day period for filing a creditor's claim expired. There is no basis here for concluding Gertner used an invalid or inappropriate address. Thus, the dissent's claim we are reversing the superior court because of the manner in which the lower court exercised its discretion in this case is in error.

of the estate to the creditor" in the manner provided in section 1215. (§ 9050, subd. (a).) Section 1215 allows the notice to be mailed to a creditor within the United States by first class mail "addressed to the person at the person's place of business or place of residence." (§ 1215, subds. (b)(1), (c) & (d).)

Section 9100 requires a creditor's claim to be filed before the later of either "Four months after the date letters are first issued to a general personal representative," or "Thirty days after the date notice of administration is given to the creditor . . . ." (§ 9100, subd. (a).) VW Credit concedes the notice was mailed on January 13 and the address used for the lock box was accurate. Thus, the requirements for a proper mailing were satisfied. (§ 1215, subds. (b)(1) & (c).) Subdivision (e) of section 1215 provides "When the notice . . . is deposited in the mail, mailing is complete and the period of notice is not extended." Consequently, the notice was given to VW Credit on January 13.

VW Credit contends it did not obtain *actual* knowledge of the estate's administration until the notice was received by its legal department on February 9. Section 9103 provides a probate court may allow the filing of a late claim under certain limited circumstances. Subdivision (a)(1) permits a late claim if the creditor establishes that "Neither the creditor nor the attorney representing the creditor in the matter had actual knowledge of the administration of the estate more than 15 days before expiration of the time provided in Section 9100, and the creditor's petition was filed within 30 days after either the creditor or the creditor's attorney had actual knowledge of the administration . . . ."

But VW Credit's reliance on the date its legal department received the notice is unavailing. The Law Revision Commission Comment explains the term "actual knowledge" as follows: "A creditor has knowledge of the administration of an estate within the meaning of subdivision (a)(1) of Section 9103 if the creditor has actual knowledge of the administration through receipt of notice given under Section 9050 or otherwise, such as information from a newspaper clipping service that comes to the attention of the creditor. Constructive knowledge through publication of a notice of death or other information that does not come to the attention of the creditor is not knowledge for the purpose of subdivision (a)(1). . . ." (Recommendation Proposing New Probate Code (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 1569.) VW Credit conceded it received the notice of the administration of Saville's estate well before February 9. Thus, contrary to VW Credit's argument the Probate Code provides actual knowledge of the administration of a decedent's estate arises upon proper mailing of the required notice by the estate's personal representative.

The lock box address was established by VW Credit and its maintenance was under VW Credit's control. The same is true of the internal mail processing system employed to direct mail to VW Credit's separate departments. A rule justifying a delay caused by a business's or other entity's internal procedure in handling mail would reward inefficiency and create havoc in the administration of estates.[3]

Furthermore, there is no hint of bad faith on Gertner's part in using the lock box address. Nothing in the record indicates Gertner had another address for business correspondence with VW Credit. While Gertner was obligated to give actual notice to all known or reasonably ascertainable creditors (*Tulsa Professional Collection Services Inc.* v. *Pope* (1988) 485 U.S. 478, 489-490 [99 L.Ed.2d 565, 577-578, 108 S.Ct. 1340]), he had no duty to investigate whether VW Credit had a more appropriate address to which the notice of administration should be sent. (See § 9053, subd. (d).) Thus, there does not appear to have been an attempt by the estate to take advantage of VW Credit by using the lock box address.

VW Credit had the burden of establishing the right to file a creditor's claim after the statutory period had expired. (§ 9103, subd. (a).) It concedes Gertner mailed notice to it on January 13 using the lock box address, and that it received the notice. The delay in delivering the notice to VW Credit's legal department was caused by its own internal mail processing system. Thus, VW Credit failed to show it was entitled to file a late creditor's claim in this case. The superior court lacked discretion to grant its petition to file a late claim. (*Nathanson* v. *Superior Court, supra,* 12 Cal.3d at p. 362; *Segovia* v. *Superior Court* (1976) 55 Cal.App.3d 464, 470 [127 Cal.Rptr. 501].)

### DISPOSITION

The alternative writ is discharged. Let a writ of mandate issue directing the superior court to vacate its ruling granting VW Credit's petition to file a late creditor's claim and enter a new order denying the petition.

Sonenshine, J., concurred.

---

[3]Under our dissenting colleague's view, a creditor should be allowed to use its own inadequate internal operating procedures to claim lack of knowledge of the administration of an estate. The focus of the statutes requiring strict compliance with the time limits for filing a creditor's claim is to promote the expeditious distribution of the assets of a decedent's estate. (*Nathanson* v. *Superior Court, supra,* 12 Cal.3d at p. 365; *Satterfield* v. *Garmire* (1967) 65 Cal.2d 638, 641 [56 Cal.Rptr. 102, 422 P.2d 990]; *Hurlimann* v. *Bank of America* (1956) 141 Cal.App.2d 801, 805 [297 P.2d 682].) Creditors, especially those in the financial services industry, are well aware of this fact and the need to promptly respond to a notice informing them of an estate's pending administration. The dissent ignores this statutory focus and treats the matter as if it involved an ordinary civil action.

**WALLIN, J.,** Dissenting.—In January 1992, the decedent, Bruce G. Saville, purchased a new Mitsubishi Montero and financed it through real party, VW Credit, Inc. At the time of Saville's death the loan balance was approximately $8,700. Letters of administration were issued to the executor, Michael Gertner, on September 1, 1992. On January 13, 1993, a one-page probate court form notice to creditors was mailed to VW Credit at a post office box in Palatine, Illinois. The record establishes the post office box is actually a bank lock box used to gather and apply installment payments. It is not VW Credit's business premises. The form did not refer to an account number or provide any identifying information other than Saville's name. This led to some delay in processing so that the form was not received by VW Credit at its corporate office until February 9, 1993. VW Credit had no previous knowledge, actual or otherwise, of the administration of the estate. On that date the form was forwarded to VW Credit's attorneys in Orange County who filed a petition for an order allowing a late claim on March 9, 1993. Following a hearing in probate court before Judge John C. Woolley, the petition was granted. According to the executor's petition to this court and the order, Judge Woolley concluded the delay was excusable and the executor was partially responsible for failing to ascertain the proper address for serving VW Credit.

One of our state's most esteemed trial judges concluded that an obviously indisputable debt should be allowed even though the creditor's claim was, at most, 26 days late. This rather routine discretionary call in favor of an out-of-state creditor has somehow been transformed by the majority into an abuse of discretion. In a footnote the majority disclaims any intention to overturn an exercise of discretion. (Maj. opn., *ante*, p. 930, fn. 2.) But the footnote is attached to a sentence which begins, "We conclude, *based on the facts of this case*, . . ." and the balance of the paragraph discusses those facts. (Maj. opn., *ante*, p. 930, italics added.) The majority simply disagrees with the trial court's finding that the address did not provide actual knowledge and that the executor partially caused the problem by not obtaining a better address. The decision sends a chilling message to the financial community and grants a windfall to the estate. I also respectfully disagree with the majority's suggestion that upholding the trial court prolongs the delay in the closing of estates. (Maj. opn., *ante*, p. 932, fn. 3.) If the trial court believes a late claimant caused its own problem with sloppy operating procedures, I am confident any late claim will, again in the exercise of discretion, be denied. Probate Code section 9103, subdivisions (b), (c), and (d) also answer this concern by not allowing claims to be filed after final distribution, or the passage of one year from the issuance of letters of administration. Finally the court may condition any relief "on terms that are just and equitable." The majority's conclusion also undermines the whole

concept of trial court discretion and the principle that discretion exercised to allow a claim to be determined on the merits should be upheld whenever possible.

Late claims are governed by Probate Code section 9103, subdivision (a) which reads: "Upon petition by a creditor and notice of hearing given as provided in Section 1220, the court may allow a claim to be filed after expiration of the time for filing a claim if the creditor establishes that either of the following conditions is satisfied: [¶] (1) Neither the creditor nor the attorney representing the creditor in the matter had actual knowledge of the administration of the estate more than 15 days before expiration of the time provided in Section 9100, and the creditor's petition was filed within 30 days after either the creditor or the creditor's attorney had actual knowledge of the administration whichever occurred first. [¶] (2) Neither the creditor nor the attorney representing the creditor in the matter had knowledge of the existence of the claim more than 15 days before expiration of the time provided in Section 9100, and the creditor's petition was filed within 30 days after either the creditor or the creditor's attorney had knowledge of the existence of the claim whichever occurred first."

The time provided in Probate Code section 9100 refers to the 30-day period following the mailing of the notice to creditors. The notice was mailed to the bank lock box on January 18 so that any claim filed by February 17 would be timely. The trial judge found, however, based on the undisputed evidence presented, that "actual knowledge of the administration of the estate" was not obtained by VW Credit until February 9 when the notice was received at its corporate office. Since February 9 is less than 15 days from February 17, the statute extended the deadline until March 10 and, under the facts accepted by the court, VW Credit's March 9 petition was timely. The majority simply disagrees with the trial court's factual determination that the notice sent to the bank lock box did not result in actual knowledge.

Although this particular creditor may not be harmed because the executor concedes its claim is secured by the vehicle, the majority's conclusion ignores the effect of its decision on the financial services industry. Many financial institutions engaged in consumer lending or issuing credit cards direct borrowers to send payments to a bank or post office where a few clerks, aided by mail handling equipment and computers, process them to post the payments as promptly as possible. It is hardly surprising that a California notice form included within the usual mailbags of payments was not immediately sorted out and sent from the bank lock box to VW Credit's offices. And the trial court's decision to grant relief to a creditor located

nearly 2,000 miles away whose only sin was to file a claim 26 days late when there was no prejudice to the estate should not be disturbed.

I would deny the peremptory writ.

On December 30, 1993, the opinion was modified to read as printed above.