[No. D018020. Fourth Dist., Div. One. Sept. 23, 1994.]

GORGONIA ALVAREZ BURGOS, Plaintiff and Appellant, v.
KAREN TAMULONIS, as Personal Representative, etc., Defendant and
Respondent.

**COUNSEL**

Baumann & Rose and Karl Bloomfield for Plaintiff and Appellant.

Shifflet, Walters, Kane & Konoske, Jeffrey A. Miller, Ronald F. Frazier and Sarah H. Mason for Defendant and Respondent.

## OPINION

**TODD, Acting P. J.**—Gorgonia Alvarez Burgos appeals a judgment dismissing her first amended complaint for damages for personal injury against Karen Tamulonis as personal representative of Armando Moscaritolo, deceased, after the court sustained Tamulonis's demurrer without leave to amend. (Code Civ. Proc.,[1] § 581d.) The basis for sustaining the demurrer was that the action against the personal representative was barred by the one-year after death limitation of former section 353, subdivision (b),[2] notwithstanding the fact that within one year of Moscaritolo's death Burgos had filed the original complaint naming Moscaritolo as defendant, among others not relevant to this case.

The problem was that at the time Burgos filed the original complaint, she did not know of Moscaritolo's death. After taking steps to perfect substituted service under section 415.20, subdivision (b), Burgos first learned of the death. By the time Burgos petitioned for leave to file a late claim against the estate (which was granted) and the time Burgos filed and served the amended complaint naming Tamulonis in her representative capacity as defendant, more than one year had passed since Moscaritolo's death.

In this case presenting a question of statutory construction, Burgos contends (1) the filing of the action within one year of Moscaritolo's death, naming him as defendant, satisfied the requirements of section 353, subdivision (b); (2) the first amended complaint relates back to the date of filing the original complaint; (3) the demurrer was an invalid plea in abatement; and (4) she complied fully with the statutory scheme for maintaining an action against a deceased person. Finding the action was timely filed under section 353, subdivision (b), we reverse the judgment of dismissal.

### FACTS

On January 22, 1991, Burgos was seriously injured when the car driven by Moscaritolo struck her as she walked in a crosswalk at an off-ramp from Highway 163 to Friars Road.

On March 3, 1991, unknown to Burgos, Moscaritolo died. Letters testamentary were issued May 6, 1991.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2]Former section 353 was repealed effective January 1, 1993, and was reenacted without substantive change as section 366.2. (Stats. 1992, ch. 178, § 6; Recommendations Relating to Litigation Involving Decedents (Apr. 1992) 22 Cal. Law Revision Com. Rep. (1992) pp. 895, 921.)

For convenience we omit use of the word "former" in referring to section 353.

Moscaritolo was insured by a policy of automobile liability insurance issued by State Farm Mutual Automobile Insurance Company (State Farm) with a limit of $25,000 for bodily injury to any one person. On August 13, 1991, and again on November 19, 1991, State Farm's adjuster, Jennifer Gilman, sent letters to Burgos's attorneys offering to settle for the policy limits. Neither letter disclosed that Moscaritolo had died.

On December 10, 1991, Burgos filed a complaint for damages for personal injury naming Moscaritolo, the State of California and Does as defendants. The first cause of action alleged Moscaritolo was negligent. On January 13, 15 and 17, 1992, Burgos's representative attempted personal service of the complaint at Moscaritolo's residence. On the latter date an adult identified herself as Moscaritolo's daughter and accepted delivery of the summons, complaint and statement of damages. On January 20, 1992, copies of the papers were mailed to Moscaritolo's residence in order to complete substituted service pursuant to section 415.20, subdivision (b). On January 29, 1992, Burgos's attorneys wrote Gilman of State Farm informing her the lawsuit had been filed and service effected.

On February 20, 1992, Gilman for the first time informed Burgos's attorneys that Moscaritolo had died March 3, 1991, and his estate was in administration.

On March 6, 1992, under Probate Code section 9103, subdivision (a),[3] Burgos petitioned the probate department of the superior court for leave to file a late claim against Moscaritolo's estate. On May 20, 1992, after a

---

[3]Probate Code section 9103 reads in part:

"(a) Upon petition by a creditor and notice of hearing given as provided in Section 1220, the court may allow a claim to be filed after expiration of the time for filing a claim if the creditor establishes that either of the following conditions is satisfied:

"(1) Neither the creditor nor the attorney representing the creditor in the matter had actual knowledge of the administration of the estate more than 15 days before expiration of the time provided in Section 9100, and the creditor's petition was filed within 30 days after either the creditor or the creditor's attorney had actual knowledge of the administration whichever occurred first.

"(2) Neither the creditor nor the attorney representing the creditor in the matter had knowledge of the existence of the claim more than 15 days before expiration of the time provided in Section 9100, and the creditor's petition was filed within 30 days after either the creditor or the creditor's attorney had knowledge of the existence of the claim whichever occurred first.

"(b) The court shall not allow a claim to be filed under this section after the earlier of the following times:

"(1) The time the court makes an order for final distribution of the estate.

"(2) One year after the time letters are first issued to a general personal representative. Nothing in this paragraph authorizes allowance or approval of a claim barred by, or extends the time provided in, Section 353 [now 366.2] of the Code of Civil Procedure."

hearing on April 22, 1992, the court granted leave to file the late claim. Burgos filed her creditor's claim in the probate proceedings on May 29, 1992.

On July 2, 1992, the court granted leave to file a first amended complaint naming Tamulonis, as personal representative, as a defendant instead of Moscaritolo. The first amended complaint was filed the same date and served on Tamulonis July 8, 1992.

On August 17, 1992, Tamulonis demurred on the ground the action was barred under section 353, subdivision (b). On October 26, 1992, after hearings on October 2 and 9, the court filed an order sustaining the demurrer without leave to amend and dismissing the action as to Tamulonis. This appeal followed.

## DISCUSSION

■ There is no question but that under the survival statute, Burgos's cause of action against Moscaritolo survived his death. (Former Prob. Code, § 573, subd. (a) [". . . no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's personal representative."]; see now §§ 377.20, subd. (a), 377.30, 377.40; Stats. 1992, ch. 178, §§ 20, 31, eff. Jan. 1, 1993.) "The cause of action against the decedent is the cause of action which survives against the personal representative." (*Radar* v. *Rogers* (1957) 49 Cal.2d 243, 248 [317 P.2d 17].) The survival statutes "merely prevent the abatement of the cause of action of the injured person, and provide for its enforcement by or against the personal representative of the deceased." (*Grant* v. *McAuliffe* (1953) 41 Cal.2d 859, 864 [264 P.2d 944, 42 A.L.R.2d 1162].)

Section 353, subdivision (b), read: "Except as provided in subdivisions (c) and (d), if a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, *an action may be commenced within one year after the date of death*, and the time otherwise limited for the commencement of the action does not apply. Subject to Chapter 8 (commencing with Section 9350) of Part 4 of Division 7 of the Probate Code, *the time provided in this subdivision for commencement of an action is not tolled or extended for any reason.*" (Stats. 1990, ch. 140, § 1, italics added.)

■ Under the straightforward language of section 353 first italicized above, and in light of the fact Burgos's cause of action was not "lost by

reason of the death of" Moscaritolo, (former Prob. Code, § 573, subd. (a)), her action was timely filed. Burgos's action was "commenced within one year after the date of death." (§ 353.)

Tamulonis argues the action "must be commenced *against the personal representative* within one year after the date of death." (Italics added.) As the italicized language demonstrates, this argument reads into section 353 language that obviously is not there.[4] It is for the Legislature, not the courts, to include such limiting provisions in the statute if that is its intent.

A clear indication the Legislature did not intend to limit the application of section 353 to actions "against the personal representative" is to be found in the late claim filing provisions of Probate Code section 9103, quoted at footnote 3, *ante*. Section 9103 encompasses situations in which "[n]either the creditor nor the attorney representing the creditor in the matter had actual knowledge of the administration of the estate" before a prescribed time within the claim-filing period (Prob. Code, § 9100) so long as the creditor acts within 30 days of having actual knowledge of administration and not later than final distribution or one year of the time letters are first issued to a general personal representative, whichever is earlier. (Prob. Code, § 9103, subds. (a)(1) and (b).) If a creditor does not have such actual knowledge, how could the creditor possibly commence the action against the personal representative? Any such "unknowing" creditor having a cause of action with a one-year limitations period would have to file the action naming as defendant the person who is deceased. In addition, in a case where the defendant dies after the event giving rise to the cause of action, under the generally applicable one-year statute of limitations (§ 340, subd. (3)) such an "unknowing" creditor would normally commence the action at a point in time earlier than the time when the section 353 limitation period expires in order to avoid a limitations issue. (See *Radar v. Rogers, supra,* 49 Cal.2d 243, 248.)[5]

What we are saying is that the legislative scheme encompasses exactly the type of situation that arose in this case where it is uncontroverted the creditor

[4]Referring initially to an earlier version of section 353 as amended in 1988 (Stats. 1988, ch. 1199, § 4, p. 3878) rather than the version we apply in the present case (Stats. 1990, ch. 140, § 1), the California Law Revision Commission Comment to the newly enacted replacement section 366.2 states in part: "The reference to the decedent's 'representatives' was deleted from former Section 353(b). This section is concerned only with the time within which an action on a liability of the decedent may be brought, not with the proper parties in such a case." (Recommendations Relating to Litigation Involving Decedents (Apr. 1992) 22 Cal. Law Revision Com. Rep., (1992) p. 921.)

[5]"Realism requires us to recognize the practical problem which plaintiffs faced. They believed they had a cause of action and in the exercise of diligence they wished to have their complaint on file before any question as to the running of an applicable statute of limitations could arise." (*Ibid.*)

had no actual knowledge of the administration of the estate, did not even know of the death, and timely commenced the action (under both § 340, subd. (3) and § 353) naming Moscaritolo as defendant. This would be the expected course of action in any situation where there is no known administration of an estate, including the situation where there is never an administration of the estate. (See *Clark* v. *Kerby* (1992) 4 Cal.App.4th 1505, 1514 [6 Cal.Rptr.2d 440].)[6]

Having timely commenced the action and having been granted leave to file the late claim against the estate, Burgos was entitled to continue pursuit of her cause of action by the standard method of amending the complaint to name Tamulonis as defendant in her representative capacity. This the trial court also properly allowed.[7]

The first amended complaint seeks recovery on the same general set of facts as the original complaint. It arises from the same accident and seeks recovery for the same injuries. Thus, it will be deemed filed as of the date of the original complaint. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681].) ■ "[W]hen a complaint is amended only to identify a party by its proper name, the gravamen of the complaint remains unaltered, and hence the later pleading relates back to the earlier pleading." (*Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 154 [216 Cal.Rptr. 405, 702 P.2d 563].)

■ As a result of the fact the first amended complaint relates back to the December 10, 1991, filing date of the original complaint, well within the

---

[6]*Clark* notes that the statutory scheme reflects a legislative purpose to satisfy the constitutional standards announced in *Tulsa Professional Collection Services* v. *Pope* (1988) 485 U.S. 478 [99 L.Ed.2d 565, 108 S.Ct.1340], which establishes as a matter of due process that state "nonclaim" statutes providing a short claims-filing period cannot cut off the rights of known or reasonably ascertainable creditors who did not receive actual notice of commencement of probate proceedings. (*Clark* v. *Kerby, supra,* 4 Cal.App.4th at pp. 1509, 1510.)

Except to the extent it is important background for the statutory scheme we apply here, we do not concern ourselves in this opinion with the constitutional matter of notice to creditors of an estate. Although references were made to the constitutional rights of creditors, particularly in the hearing on the motion for leave to file a late claim, there is no ruling, factual or legal, on this matter before this court in the case at bar.

[7]Contrary to Tamulonis's contention made at oral argument, there is no open-ended period for actions or claims under the present scheme of law involving statutes for which administration has been commenced. Any open-ended possibility is precluded by a combination of rules including the requirement the action be filed within one year after the decedent's death (§ 353, now § 366.2), the rule that failure to file a claim bars the claim and action (Prob. Code, §§ 9002, subd. (b), 9351) and the late claim filing time limits, generally within one year of issuance of letters of administration, before a final distribution order and before the expiration of the one year after death limitation of section 353 (now § 366.2) for filing an action (Prob. Code, § 9103; see also Prob. Code, §§ 9053, 9392).

one year from date of death limitation of section 353, there is no need to discuss any other issues raised in the case.

DISPOSITION

Judgment reversed. Burgos is awarded her costs on appeal.

Huffman, J., and Froehlich, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 14, 1994.