[No. B084425. Second Dist., Div. Six. May 23, 1995.]

DANIEL S. VENTURI, Plaintiff and Appellant, v.
JERRIE L. TAYLOR as Coadministrator, etc., et al., Defendants and
Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

COUNSEL

Wyckoff, Richardson, Sanson, Allen, Locke-Paddon, Weldon & Johnson, Robert K. Johnson, Bruce A. Richardson and Richard Earl for Plaintiff and Appellant.

James R. Nichols, Jr., for Defendants and Appellants.

OPINION

STONE (S. J.), P. J.—We hold, in the published portion of this opinion, that a potential creditor with actual notice of the pendency of estate proceedings cannot excuse the untimely filing of a creditor's claim on the ground that the administrator failed to send a formal notice of administration of the estate, as required by Probate Code section 9050.[1]

Daniel S. Venturi (hereinafter appellant) appeals from a judgment entered following grant of summary judgment in favor of defendants Jerrie L. Taylor and Joan McGarry, co-administrators of the estate of Gordon Mueller, deceased, (hereinafter respondents.) Respondents, in their representative capacities, cross-appeal from an order denying their motion for attorney fees as sanctions.

Appellant asserts that because the requirements of sections 9050-9054 regarding notice to creditors are mandatory, the time to file a creditor's claim does not commence to run until the personal representative of the estate serves a formal notice of administration of the estate upon the known creditors. [[/]]* We affirm both the judgment and the order.

FACTS

Gordon Mueller died intestate May 8, 1991, at age 56. Letters of administration were issued to respondents June 18, 1991, in the Santa Barbara Superior Court. Respondents located in the decedent's residence several promissory notes from appellant to the decedent totaling approximately $58,500 and a borrower's closing statement showing a payout of an $180,000 loan to appellant from Financial Center Mortgage. Respondents' attorney wrote to appellant June 17, 1991, concerning the notes and another document signed by the decedent indicating that he had been advancing money to appellant to help him build a house.

---

[1] All statutory references are to the Probate Code unless otherwise stated.
*See footnote, *ante*, page 16.

Appellant's former counsel, James Kerr, informed respondents' attorney on July 26, 1991, that appellant was a creditor of the decedent and requested that a copy of the letters of administration be sent to him, along with a copy of any will or petition to probate a will. Mr. Kerr also stated that the document signed by the decedent absolved appellant of any further liability under the notes and was further a pledge by the decedent to continue to pay appellant $4,000 monthly until appellant was capable of handling all his financial needs regarding his real property.[2] Mr. Kerr indicated that the amount owed pursuant to this agreement as of August 6, 1991, "will be approximately $92,000" and that appellant's needs for future funds "can not [sic] be ruled out at this time." He indicated that appellant wanted to be kept informed about the status of the administration of the estate.

July 30, 1991, respondents' attorney Mr. Schlottman sent Mr. Kerr a copy of the "petition for probate in the Estate of Gordon R. Mueller" and indicated in the accompanying letter that if appellant had any evidence to support his position regarding the document signed by the decedent, Mr. Schlottman would "share it with the co-administrators." Mr. Schlottman questioned the validity of the document as a contract binding on the decedent or his estate. Nonetheless, "[t]his is a fiduciary proceeding, and we will advise the co-administrators to remain open to compromise of their claim."

Appellant filed a creditor's claim November 14, 1991. After respondents rejected the claim, appellant filed a complaint for breach of contract against respondents in the Santa Cruz Superior Court based on the failure to pay $4,000 monthly for the development and maintenance of his property, pursuant to the document signed by the decedent. Respondents successfully moved for change of venue to Santa Barbara. Several legal skirmishes followed, resulting in appellant's serving a first amended complaint on respondents based on the same written document, alleging an oral agreement based on the same facts, and alleging as consideration that plaintiff agreed the decedent and his wife could live in and use as their own plaintiff's home.

Respondents filed a motion for summary judgment on grounds that the complaint was barred for failure to timely file a creditor's claim and that the

---

[2]The document states: "To whom it may concern: 9-6-89 [¶] As regards my nephew, Daniel S. Venturi's property at 875 Summit Rd. Watsonville Ca. 95076. [¶] Please be advised that I have given Dan my unreserved financial support in the development and maintenance of the above described property. In the past I have provided funds in the amount of $4000.00 (four thousand) average per month, dispersed incrementally [sic] as needed. I hereby swear to continue this amount of funding until Dan is completely capable of handling all of his financial needs as regards this property. Furthermore, Dan does not have to repay these funds. Our relationship is filial and I hereby pledge my complete support of his efforts with all of the resources under my control."

alleged "contract" was void on its face, violative of the statute of frauds, and did not contain essential terms of a contract. The court granted the motion for summary judgment on the ground that appellant failed to file a timely claim against the estate, or to file a timely petition for leave to file a late claim, even though appellant had actual knowledge of the pendency of the estate proceeding.

The court ruled that respondents' failure to give appellant and/or his attorney statutory notice of the administration of the estate pursuant to section 9050 et seq. did not, as a matter of law, extend appellant's time to file his creditor's claim beyond the time periods specified in section 9100, subdivision (a), or 9103, subdivision (a). It further ruled that appellant's due process rights were not violated since both he and his attorney had actual knowledge of the administration of the estate.

[[/]]*

DISCUSSION

1. *Summary Judgment Properly Granted*

■ Appellant asserts that his claim against the decedent's estate was timely made, or alternatively, the time limits in which to do so were not triggered, because respondents failed to serve him with notice of administration of the decedent's estate as required by section 9050. A creditor demanding payment from a decedent's estate based upon a contract must file a claim within the statutory time or the claim is barred. (§ 9002.) Publication of notice under section 8120 and the giving of notice of administration of the decedent's estate under section 9050 et seq. constitute notice to creditors of the requirement to file a claim against the estate. (§ 9001, subd. (a).)

In *Tulsa Professional Collection Services* v. *Pope* (1988) 485 U.S. 478 [99 L.Ed.2d 565, 108 S.Ct. 1340], the United States Supreme Court held that an Oklahoma statute requiring claims "arising upon a contract" generally to be presented to the executor or executrix of the decedent's estate within two months of the publication of a notice advising creditors of the commencement of probate proceedings did not meet constitutional requirements of due process. "[I]f appellant's identity as a creditor was known or 'reasonably ascertainable,' then the Due Process Clause requires that appellant be given '[n]otice by mail or other means as certain to ensure actual notice.' " (*Id.*, at p. 491 [99 L.Ed.2d at p. 579].)

In response to *Tulsa*, section 9050 was amended to provide that if a general personal representative has knowledge of a creditor of the decedent,

---

*See footnote, *ante*, page 16.

the personal representative shall give notice of administration of the estate to the creditor, as provided in section 1215 (i.e., by mail). "For the purpose of this subdivision, a personal representative has knowledge of a creditor of the decedent if the personal representative is aware that the creditor has demanded payment from the decedent or the estate." (§ 9050, subd. (a).) Notice is to be given within four months after the date letters are first issued to a general personal representative unless knowledge of the creditor is first obtained within thirty days before expiration of the four-month period, in which case notice shall be given within thirty days after the personal representative first has knowledge of the creditor. (§ 9051, subds. (a), (b).) If the personal representative first has knowledge of a creditor after expiration of the 4-month period in section 9051, subdivision (a), the notice "shall be given within 30 days after the personal representative first has knowledge of the creditor." (§ 9051, subd. (c).)

Notice is not required to be given even though the personal representative has knowledge of the creditor if the creditor has filed a claim as provided by statute, or if the creditor has demanded payment and the personal representative elects to treat the demand as a claim under section 9154. (§ 9054.) A creditor must file a claim before expiration of the later of four months after the date letters are first issued to a general personal representative, or thirty days after the date notice of administration is given to the creditor, if notice is given within the time provided in subdivision (a) or (b) of section 9051. (§ 9100, subd. (a)(1) & (2).)

According to appellant, if a formal, specific notice is not given to a creditor pursuant to section 9050, the statute of limitations never begins to run until the creditor files a claim. He cites *Clark* v. *Kerby* (1992) 4 Cal.App.4th 1505 [6 Cal.Rptr.2d 440], and *Gertner* v. *Superior Court* (1993) 20 Cal.App.4th 927 [25 Cal.Rptr.2d 47], as support for his theory. *Clark* v. *Kerby* held that California's former "nonclaim" statute regarding notice to decedent's creditors did not comport with the due process standards announced in *Tulsa Professional Collection Services* v. *Pope, supra,* 485 U.S. 478, as to known or reasonably ascertainable creditors. (4 Cal.App.4th 1505, 1507.) In discussing whether a creditor's or attorney's knowledge of the decedent's death somehow dilutes the constitutional requirements set forth in *Tulsa, Clark* acknowledged that the United States Supreme Court did not concern itself with the issue of knowledge of death, as opposed to notice of administration of the estate. (*Id.,* at p. 1513.) Nonetheless, *Clark* opined that the rationale of *Tulsa* "is that as a practical matter creditors need actual notice because they may not know of their debtor's death or the initiation of probate proceedings. . . . It has never been the debtor's death that triggers the duty to file a claim; rather, it is the commencement of administration and

publication or actual notice. Thus, even if an attorney for a creditor knows that the debtor died, unless administration has commenced there is neither need nor any practical procedure for filing a claim." (*Id.*, at p. 1514, fn. omitted.)

In *Gertner v. Superior Court, supra*, 20 Cal.App.4th 927, the appellate court granted a petition for writ of mandate directing the superior court to vacate its ruling granting VW Credit's petition to file a late creditor's claim pursuant to section 9103. (20 Cal.App.4th at p. 932.) VW Credit acknowledged receipt of the notice before the time limit for filing a claim expired. It argued that it lacked *actual* notice because, due to its internal office procedures, its legal department did not receive the notice. The reviewing court found this argument unavailing. "The Law Revision Commission Comment explains the term 'actual knowledge' as follows: 'A creditor has knowledge of the administration of an estate within the meaning of subdivision (a)(1) of Section 9103 if the creditor has actual knowledge of the administration through receipt of notice given under Section 9050 or otherwise, such as information from a newspaper clipping service that comes to the attention of the creditor. Constructive knowledge through publication of a notice of death or other information that does not come to the attention of the creditor is not knowledge for the purpose of subdivision (a)(1). . . .'" (20 Cal.App.4th at p. 931.) Since VW Credit conceded it received the notice of the administration of estate well before the deadline for filing claims, the reviewing court held that under the Probate Code, actual knowledge of the administration of the decedent's estate arose upon proper mailing of the required notice by the estate's personal representative. (*Ibid.*)

Appellant asserts, based upon *Clark* and *Gertner*, that section 9103, subdivision (a), was not a bar to his claim because respondents never served him with a formal notice to creditors. Consequently, a petition to allow filing of a late claim was unnecessary because the time for him to file a claim never expired. Appellant's interpretation of the statutory scheme is incorrect. Although *Clark* and *Gertner* are instructive, they do not resolve the question posed here. In *Clark*, the creditor had actual knowledge only of the decedent's death, and in *Gertner*, the proper statutory procedure was followed by mailing the required notice.

Respondents do not claim that appellant's actual knowledge of the decedent's death relieved them of their duty to give notice to appellant as a potential creditor or that appellant's knowledge of decedent's death equated with knowledge of administration of the estate. They argue instead that their failure to send a formal notice pursuant to section 9050 did not toll indefinitely the time in which appellant had to file a claim. They further assert that

appellant could not excuse timely filing of a claim when he had actual knowledge of the administration of the estate by other means. We agree.

As indicated in *Gertner* v. *Superior Court, supra,* the Law Revision Commission comment to section 9103 concerning relief for late claims explained that a creditor has actual knowledge of the administration of an estate within the meaning of subdivision (a)(1) of section 9103 " '. . . through receipt of notice given under Section 9050 *or otherwise, such as information from a newspaper clipping service that comes to the attention of the creditor. . . .' " (20 Cal.App.4th at p. 931, italics added.) The 1990 Law Revision Commission comment comports with the Supreme Court's statement in *Tulsa Professional Collection Services* v. *Pope, supra,* that the due process clause requires that the creditor be given notice " '. . . by mail *or other means* as certain to ensure actual notice.' " (485 U.S. at p. 491 [99 L.Ed.2d at p. 579], italics added.) Here the record before the court at the hearing on summary judgment was replete with references between the parties of co-administrators, the fiduciary proceeding, and possible settlement of the claim, i.e., administration of the estate.

Additionally, the 1990 Law Revision Commission comment to section 9051 concerning the time notice is to be given to creditors states that "[f]ailure of the personal representative to give notice within the time required by Section 9051 does not preclude a creditor from filing a claim within the time provided in Section 9100 (claim period.)" (19 Cal. Law Revision Com. Rep. (Dec. 1988) p. 317.) The Law Revision Commission comment to the 1990 amendment for section 9051, which requires that notice shall be given to a creditor even if the personal representative first has knowledge of the creditor after expiration of the claim filing period, states that "[s]uch a notice *does not extend the creditor's time to file a claim.* See Section 9100 (claim period). However, the creditor may petition to file a late claim." (Deering's Ann. Prob. Code, § 9051 (1991 ed.) pp. 579-580, italics added.) Section 9103, concerning allowance of late claims, states that a court shall not allow a claim to be filed under this section after the earlier of either the time the court makes an order for final distribution of the estate or one year after the time letters are first issued to a general personal representative. (§ 9103, subd. (b)(1) & (2).)

Appellant did not petition the court, pursuant to section 9103, to file a late claim. To do so, he would have had to declare that he did not have actual knowledge of the administration of the estate during the applicable period

for filing a claim.[4] Instead, he now urges this court to adopt a "bright line" approach that the statute of limitations for filing a claim does not commence until a personal representative of the estate gives formal notice to the creditor pursuant to section 9050. We decline to adopt such a rule. As noted in *Burgos* v. *Tamulonis* (1994) 28 Cal.App.4th 757 [33 Cal.Rptr.2d 728], ". . . there is no open-ended period for actions or claims under the present scheme of law involving statutes for which administration has been commenced. Any open-ended possibility is precluded by a combination of rules including the requirement the action be filed within one year after the decedent's death ([Code Civ. Proc.] § 353, now § 366.2), the rule that failure to file a claim bars the claim and action (Prob. Code, §§ 9002, subd. (b), 9351) and the late claim filing time limits, generally within one year of issuance of letters of administration, before a final distribution order and before the expiration of the one year after death limitation of [Code of Civil Procedure] section 353 (now § 366.2) for filing an action (Prob. Code, § 9103; see also Prob. Code, §§ 9053, 9392)." (P. 763, fn. 7.)

Appellant's interpretation runs afoul of the purpose of requiring strict compliance with the time limits for filing a creditor's claim. ■ This statutory time restriction is to ensure that the estate's representative is notified of all claims within a reasonable time and "to promote the expeditious distribution of the assets of a decedent's estate." (*Gertner* v. *Superior Court, supra,* 20 Cal.App.4th 927, 932, fn. 3; *Varney* v. *Superior Court* (1992) 10 Cal.App.4th 1092, 1101 [12 Cal.Rptr.2d 865]; *Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355, 365 [115 Cal.Rptr. 783, 525 P.2d 687].)

■ We construe together section 9051 concerning the time the personal representative must give notice to the creditor and section 9100 concerning when a creditor must file a claim. If a personal representative has given notice of administration of the estate within four months after the date letters are first issued or less than thirty days before expiration of said four-month period, the creditor must file the claim before expiration of the later of the following times: 1) four months after the date letters are first issued to the personal representative or 2) thirty days after the date notice of administration is given to the creditor. (§§ 9051, subds. (a), (b); 9100, subd. (a)(1) & (2).)

If, however, a personal representative first has knowledge of a creditor *after* expiration of the four-month period provided in subdivision (a) of section 9051, the personal representative must still give notice to the creditor

---

[4]Appellant has not asserted that the respondents acted in bad faith by failing to give notice required by section 9050. (See § 9053.)

within thirty days after receipt of said knowledge. (§ 9051, subd. (c).) If, as here, the personal representative fails to give the required notice, the remedy is not to judicially engraft upon the statutory scheme an open-ended period in which to file a claim against the estate. The creditor's remedy, when its claim is denied as untimely, is to petition the court to file a late claim under section 9103. To obtain such relief, the creditor must establish that: 1) neither the creditor nor the attorney representing the creditor in the matter had actual knowledge of the administration of the estate more than 15 days before expiration of the time provided in section 9100, and 2) the creditor's petition was filed within 30 days after either the creditor or the creditor's attorney had actual knowledge of the administration, whichever occurred first. (§ 9103, subd. (a)(1).)

Additionally, if the creditor believes that the failure to give notice was in bad faith, the personal representative may be personally liable to the creditor if the creditor establishes that 1) the failure was in bad faith; 2) neither the creditor nor the attorney representing the creditor in the matter had actual knowledge of the administration of the estate before expiration of the time for filing a claim, and payment would have been made on the creditor's claim in the course of administration if the claim had been properly filed; 3) the creditor filed a petition within 16 months after letters were first issued to a general personal representative requesting the court make an order determining the liability of the personal representative, and notice of hearing and a copy of the petition are served upon the personal representative at least 30 days before the hearing on the petition. (§ 9053.)[5]

Moreover, a creditor who has no knowledge of the administration of an estate before an order is made for distribution of property has a remedy against the distributees to the extent payment cannot be obtained from the estate if the identity of the creditor was known to, or reasonably ascertainable by, a general representative of the estate within four months of the date letters were first issued and the claim was not merely conjectural. (§ 9392, subd. (a)(1).) However, the creditor must still establish that notice was not given to the creditor under section 9050 et seq., and neither the creditor nor the attorney representing the creditor had actual knowledge of the administration of the estate. (§ 9392, subd. (a)(2).)

As the Law Revision Commission comment to the 1990 amendment to section 9392 indicates, "[a] creditor who has knowledge of estate administration must file a claim or, if the claim filing period has expired, must

---

[5]Liability against the personal representative under this section is not available, however, to the extent the claim could be paid out of the estate pursuant to section 9103 nor does the personal representative have a duty to make a search for creditors of the decedent. (§ 9053, subds. (c), (d).)

petition for leave to file a late claim. See Sections 9100 (time for filing claims) and 9103 (late claims). This rule applies whether the creditor's knowledge is acquired through notification under Section 9050 (notice required), by virtue of publication under Section 8120 (publication required), or otherwise." (Deering's Ann. Prob. Code, § 9392 (1991 ed.) p. 674.)

What these statutes do not provide and what neither *Tulsa* nor its progeny requires, is protection for the neglectful creditor who, along with his attorney, had actual knowledge of the administration of an estate within time to protect his rights but fails to file a timely claim, or petition to file a late claim, or avail himself of one of the other statutory remedies. Appellant had actual knowledge of the pendency of the estate proceeding and fell within the class of creditors contemplated by section 9103, subdivision (a). He was required to file a petition for leave to file a late claim and did not do so. His claim, filed after expiration of the four-month claims period was untimely.[6]

[[2. *No Remand Necessary on Order Denying Sanctions*]]*

The judgment and order are affirmed. Each party to bear its own costs on appeal.

Gilbert, J., and Yegan, J., concurred.

---

[6]It is unnecessary for us to discuss the alternative grounds posed by respondents on which the summary judgment could be sustained, i.e., that the contract claim was unenforceable as a matter of law.

*See footnote, *ante*, at page 16.